JUDGE OF LIMESTONE COUNTY COURT, use, &c. *versus* FRENCH.

1. A mere settlement of the accounts of the representative of an estate, whether partial or final, will not authorise a suit against the sureties to the bond of such representative, unless the settlement is followed by an order or decree of the Orphans' court, for the payment of the sum due, and specifying to whom the payment is to be made.
2. If a party elects the determination of the jury, upon an issue, properly belonging to the court, he will not be permitted, afterwards, to take advantage of that matter, in error.

This was a suit in debt, in Limestone Circuit court, on the bond of Coalter, the executor of Chapman, to recover from French, the surety of Coalter, the amount of a distributive share, in the estate of said Chapman. The record showed, a settlement, by the County court of the accounts of Coalter; but there was no decree of the Orphans' court, declaring the amount of the distributive fund, the names of the parties entitled thereto, or the specific amount due to each. The defendant pleaded *nul tiel record;* upon which issue was joined, and judgment rendered for the defendant.

The plaintiff assigned as error in this court—*first,* the rejection of the said record, as evidence : *second,* the determination of an issue, by the jury, properly appertaining to the court.

*J. L. Martin,* for the plaintiff—*Thornton, contra.*

TAYLOR, J.—This action of debt was brought by the plaintiff in error, to recover from the defendant, as security of James Coalter, executor of the last will and testament of James Chapman, deceased, a

distributive share of the estate, left by said decedent.

The suit was brought on the bond executed to the Judge of the county court, by the executor and his securities, and the declaration alleges, that a final settlement of the estate had been made, by the executor, in the county court, and that he had been decreed to pay to each distributee, seventy-five dollars and forty-five and three-fourth cents, and avers that he had failed to make payment, &c. The defendant pleaded, "that there is no such record of settlement and distribution, in the county court, as the plaintiff has averred in his declaration;" upon which plea an issue was formed.

Upon the trial, a transcript from the records of the county court was offered in evidence, purporting to contain the final settlement of the executor; which was rejected by the court: and this opinion of the court was excepted to by the plaintiff.

It is now assigned as error—

1. The rejection of the record aforesaid.

2. The submission of the issue to a jury, which should have been tried by the court.

The record of the county court commences with an account, purporting to be the account of James Coalter, executor of James Chapman, deceased: this is followed by a certificate of the judge, that he had "examined the foregoing account current, of James Coalter, executor of the last will and testament of James Chapman, deceased, and finds the same to be correct," &c. and an allowance for the trouble of the executor in the administration. Then succeeds an order, as follows: "The final settlement of the estate of James Chapman, deceased, with James Coal-

ter, his executor, having this day been made by the Judge of this court, and no exceptions taken to the same, it is ordered to be recorded." After which, is the appointment of commissioners, to distribute the estate, who make return of their proceedings, and therein find that there are six "heirs," (distributees,) specifies their names, and that each is entitled to seventy-nine dollars and forty-five and three fourths cents, which is the sixth part of the amount, which appears, by the account current, to be in the executor's hands, after deducting the sum allowed to him, for trouble, &c.

This return of the commissioners closes the record; and there is no final, or other order or decree made by the County court, in relation to the business.

It has, heretofore, been decided, by this court, in the case of *Henderson* vs. *Greer*, that the decree of the judge of the county court, upon the final settlement of the accounts of an executor or administrator, would support an action against his security on their bond, if the money could not be collected from the representative.

By the act of January, 1830,[a] entitled, "an act, to extend the powers of the county and orphans' court, in certain cases, and for other purposes," it is provided, "that from and after the passage of this act, all decrees made by the Orphans' court, on final settlements on the accounts of executors, administrators and guardians, shall have the force and effect of judgments at law; and, executions may issue thereon, for the collection of the several distributive amounts, against such executor, administrator or guardian." <sup>a Aik. Dig. 252, §37.</sup>

It is believed, that a mere settlement of an account of a representative, whether final or partial, does not authorise a suit against the securities, unless it is followed by an order of the court against the representative, for the payment of the money, and specifying to whom the payment shall be made. That this is what the general assembly meant, in the act of 1830, by the "decree" of the county court; and, that until such action of the court upon it, any settlement is liable to alteration or amendment.

The record, in this case, therefore, was properly rejected.

As to the second assignment, it does not appear, that the plaintiff's counsel objected to the submission of the issue to the jury: in fact, we must presume, that it was his own act; at least, done with his full consent. And, if he agreed that a jury, instead of the court, should determine his issue, he cannot be permitted, now, to object to what he has done, or agreed, should be done—because the result of the experiment has been against him.

The judgment is affirmed.