GILBREATH, Judge &c., vs. MANNING et al.

1. In debt on an administration bond, to charge the sureties with the amount of a decree of the Orphans' Court, the declaration alleged that a final settlement was had by the administrator with the Orphans' Court, "and on said final settlement the sum of $259 was, *by the decree and judgment of said court, assessed and decreed as the distributive share*" of the person for whose use the suit was brought, who was one of the distributees of the estate: *Held*, that the declaration was defective on demurrer, because it showed no judgment in favor of any one for the amount, and no order on the administrator to pay the money to any one.

Error to the Circuit Court of Marshall.

Tried before the Hon. JOHN E. MOORE.

ACTION OF DEBT on an administration bond, in the name of the Judge of the County Court of Marshall, for the use of Zaccheus C. Kinnamer, administrator of Julia Law, deceased, against the defendants in error, who were the sureties of William Black on his bond as administrator of Wyatt Law, deceased. The declaration was twice amended, by leave of the court below, and twice demurred to ; and each time the demurrer was sustained. On the last trial, a demurrer was again sustained to the declaration, and from this decision this writ of error is prosecuted.

The declaration, as last amended, sets out the bond on which said sureties became liable, alleges that said Julia Law was one of the distributees of the estate of Wyatt Law, deceased, and then proceeds as follows: "And the said plaintiff further avers, that said William Black, as administrator of said Wyatt Law, deceased, and while said bond, or writing obligatory, executed by said defendants and said William Black, as aforesaid, was in full force, and while said William Black was administrator as aforesaid, at to-wit: the court house of said County of Marshall, and in said county, to-wit: on the 20th day of January, A. D. 1845, at the instance of said William Black, administrator as aforesaid, did make, with the Orphans' Court of said county, which then and there had jurisdiction thereof, a final settlement of said estate of said Wyatt Law, so administered by said William Black as aforesaid ; and on said final settlement in said Orphans' Court, at the instance of said William Black, as administrator as aforesaid, the sum of two hundred and fifty-nine dollars and ninety-six and one half cents was, by the decree and judgment of said Orphans' Court, assessed and decreed as the distributive share of said Julia Law, a daughter and heir at law of said Wyatt Law, deceased; and said plaintiff avers, that said William Black, then and there, had in his hands, as administrator as aforesaid, the said sum of two hundred and fifty-nine dollars and ninety-six and one half cents, and that he afterwards," &c., "wasted the same." The declaration contains no other allegation, relative to said final settlement, and the decree then rendered.

The only error assigned is, the sustaining of the demurrer to the declaration.

B. T. Pope and S. F. Rice, for plaintiff in error.

Brickell & Cabaniss, and J. W. Shepherd, *contra*.

GIBBONS, J.—We concur in the opinion of the court below, in sustaining the demurrer to the plaintiff's declaration. It was defective, in not stating that a judgment was rendered, by the Orphans' Court of Marshall, in favor of the said Julia Law or her representative, for her distributive share of the estate of her father, or an order for the payment of the said distributive share, to her, or her legal reprepresentative, by the said administrator William Black. The declaration simply states, that a final settlement was had, and the distributive share of the said Julia ascertained; but it states no judgment in her favor, nor in favor of any one, for the amount, and no order on the administrator to pay the money to any one. The declaration, stopping where it does, falls within the principle decided in the case of The Judge of the County Court of Limestone v. French, 3 Stew. & P. 263; and on the authority of that case, the judgment of the court below is affirmed.