199 So. 9

**TAUNTON v. DOBBS.**

5 Div. 333.

Supreme Court of Alabama.

Dec. 5, 1940.

Richard H. Cocke, of Alexander City, and W. R. Sheeley, of Dadeville, for appellant.

288

J. Sanford Mullins, of Alexander City, and Jacob A. Walker, of Opelika, for appellee.

GARDNER, Chief Justice.

While walking along the highway near Alexander City, O. U. Taunton was struck by an automobile driven by one Harry Whitten, and died from the injuries thus received. Whitten was an employee of defendant Dobbs and this suit was brought by the administratrix of the estate of O. U. Taunton to recover damages for his death under our homicide statute. Whether or not Whitten, at the time, was acting within the line and scope of his authority and was guilty of negligence in the operation of the car were disputed issues of fact for the jury's consideration.

There was verdict and judgment for defendant and plaintiff appeals. The judgment for defendant as found in this record appears on a page to itself and is in due form. But there is no caption, the style of the case not there appearing, and the argument is advanced that it is a void judgment under Turner, Adm'r, v. Dupree's Adm'r, 19 Ala. 198; Hughes v. Mitchell, 19 Ala. 268; Gilbreath v. Manning et al., 24 Ala. 418, and authorities of like character holding in effect a judgment invalid which fails to designate the party in whose favor it is rendered.

There is nothing, however, in these cases which in any manner runs counter to the further well recognized rule that whenever the judgment entry is not clear and perfect on its face, it should be interpreted in the light of the pleadings and the entire record. And, to use the language of Flack v. Andrews, 86 Ala. 395, 5 So. 452, 453, "if, from the whole, the date and amount, the parties between and against whom the judgment is given, and the court in which it was rendered, appear, the judgment is not defective". To like effect are McDaniel v. Johnston, 110 Ala. 526, 19 So. 35; Burgin et al. v. Sugg et al., 210 Ala. 142, 97 So. 216.

Applying this rule it is clear enough the judgment in the instant case is entirely valid.

The next insistence for reversible error relates to the action of the court in giving certain charges at defendant's request, of which given charge "6" is a fair illustration. These charges make the matter of ownership of the car a material issue in the case.

In the ordinary case where recovery is sought upon the doctrine of respondeat superior, the giving of such charges would perhaps present error to reverse. But in the instant case plaintiff has made defendant's ownership of the car a material issue, both by the averments of her complaint and the initial proof of ownership in defendant offered by her in making out her case.

Both parties offered much proof upon the matter and it became a closely contested issue. Indeed plaintiff's insistence for liability was rested largely upon defendant's ownership of the car and her proof upon that matter of liability was closely intertwined with the proof concerning the question as to whether or not the driver of the car was acting within the line and scope of his authority.

Whitten testified he was in his own car on his way home (he lived at Dadeville and worked at Alexander City) and in some haste after the day's work was done and his journey bore no relation to defendant's business. And the only proof upon which plaintiff relied by way of contradiction of Whitten's testimony was an alleged statement by defendant Dobbs (by him strenuously denied) that the car was his and Whitten was driving it for him. It thus appears, the case for plaintiff largely hinged, in this respect, upon this statement in which the ownership of the car plays so important a part.

Plaintiff, therefore, having made the matter of ownership a material issue by her pleadings and proof, the trial court will not be put in error for giving these charges requested by defendant. Western R. of Alabama v. McPherson, 146 Ala. 427, 40 So. 934; Dexter v. Ohlander, 89 Ala. 262, 7 So. 115; Farmers' & Merchants' Warehouse Co. v. Perry, 218 Ala. 223, 118 So. 406.

Indeed it would seem another principle would lead to like result. Plaintiff by her pleading and proof lead the defendant and the trial court to treat the complaint's averment of ownership as material to her case, and is in no position to complain at charges given upon the assumption of the materiality of such issue. Western Union Tel. Co. v. Griffith, 161 Ala. 241, 50 So. 91; Hooper et al. v. Birchfield et al., 115 Ala. 226, 22 So. 68.

We have treated the questions argued by appellant and find no error to reverse. The judgment will accordingly stand affirmed.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.