50 So.2d 435

### SCHWAB v. SCHWAB et al.
### 6 Div. 109.

Supreme Court of Alabama.

Jan. 11, 1951.

Rehearing Denied Feb. 22, 1951.

Wm. S. Pritchard, Victor H. Smith and Pritchard & McCall, of Birmingham, for appellee Leah S. Schwab.

Frank M. James, of Birmingham, for appellant.

220

Smyer & Smyer, of Birmingham, for appellee First Nat. Bank of Birmingham, as trustee.

STAKELY, Justice.

Jonas Schwab died testate in Jefferson County on October 17, 1942. He left surviving him his widow, Leah S. Schwab, his daughter Meta S. Abrams and his son Herold J. Schwab, all being over the age of twenty-one years. The decedent's will was probated on October 21, 1942 and on that date Herold J. Schwab was appointed executor of the will and is now acting as such.

After making several special bequests the will contained the following provision. "Item 5: It is my Will and I so direct that all the rest and residue of my estate, both real and personal shall decend to my beloved wife, Leah S. Schwab, and to my beloved son, Herold J. Schwab and my beloved daughter, Mrs. Meta Schwab Abrams, according to the laws of descent and distribution and as to dower and dower rights in the State of Alabama, * * *."

This case deals with questions relating to allotment of dower to the widow and compensation to the executor.

Invoking the equitable jurisdiction conferred on the Probate Court of Jefferson County as shown in § 103, Title 62, Code Supplement, Pocket Part, the executor filed a petition in the probate court asking for instructions with reference to the widow's dower etc. with the result that Leah S. Schwab, the widow, Herold J. Schwab, individually and as executor, and Meta Schwab Abrams, who constituted all of the heirs of the decedent, entered into a written contract providing for the administration and division of the estate. They asked the court to approve the contract. On April 6, 1944, a consent decree was entered in the probate court ratifying and confirming the aforesaid contract.

The contract as approved by the probate court contained the following provisions: "5. That Mrs. Leah S. Schwab is entitled to a dower interest for life in all the real estate owned by the said Jonas Schwab at the time of his death as provided by the laws of the State of Alabama and by agreement of H. J. Schwab and Meta S. Abrams, said dower interest shall not be subject to deduction or diminution on account of any separate estate belonging to her."

It was further agreed that the executor should continue to perform his duties under the will for a term of at least five years from the date of the decree if he so desired, without being required to make a final settlement of the estate, but could make a final settlement before the expiration of the five year period if he deemed it advisable. Further he was not required to make a final settlement after the five year period until it was for the best interest of the estate so to do or until so ordered by the court.

In paragraph six it was provided for the repossessing by foreclosure or otherwise of real estate sold by the executor prior to the time of the agreement and decree and that any property so repossessed "Shall be subject to the dower interest of Leah S. Schwab, to be controlled and regulated by the laws of Alabama relating to partition or sale for division and/or ascertainment of dower."

Paragraph nine provides that: "In the event any mortgage or security taken to secure the aforesaid deferred payment of the purchase price becomes in default, the executor may take whatever steps that may be necessary, either by foreclosure or otherwise, to take possession of and title to the property, in which event the said real estate shall be subject to the dower interest of Leah S. Schwab, to be controlled and regulated by the laws of Alabama relating to the partition or sale for division and/or the ascertainment or setting aside of dower."

Paragraph ten of the agreement provides as follows: "That the dower interest of Leah S. Schwab in all real estate of the Testator not heretofore sold or not sold within the aforesaid five year period, shall be governed and regulated by and held according to the laws of Alabama in force and effect on the date of the death of said Testator."

Paragraph eighteen of the decree provides: "That nothing contained in this decree shall bar the parties to the written agreement from entering into further written agreements as to the sale of real estate, or shall exempt the property not heretofore sold and not sold within the aforesaid five year period from the operation of the laws of the State of Alabama relating to partition or sale for division and/or ascertainment of or setting aside of dower."

On January 19, 1950 the executor filed a petition for a partial settlement and allotment of dower to Leah S. Schwab showing that Meta S. Abrams had died and that he and the First National Bank of Birmingham were acting as trustees of her estate under her will which had been probated. On petition of Leah S. Schwab the administration of the estate of Jonas Schwab was transferred to the Circuit Court, in Equity. The cause was submitted for decree in the Circuit Court on the petition for partial settlement and allotment of dower, the answer of Leah S. Schwab and the answer of the First National Bank of Birmingham as cotrustee under the will of Meta S. Abrams, deceased. The petition among other things prayed for general relief. In its decree the Circuit Court said:

"The Court is of the opinion and does hereby construe the decree heretofore rendered by the Hon. H. R. Howze, Probate Judge, exercising Equity Jurisdiction, on the 6th day of April, 1944, on the petition as amended in said cause and the written agreement executed by Herold J. Schwab as executor of the Will of Jonas Schwab, deceased, and individually and Meta S. Abrams and Leah S. Schwab, as follows:

"1. That under said agreement and said decree the dower interest of the said Leah S. Schwab in all of the real estate of said testator in this state was fixed and declared as being free from any deduction or diminution on account of any separate estate belonging to said Leah S. Schwab."

The petition of the executor alleged that Leah S. Schwab had a separate estate of $15,000 to $40,000. So the question is presented as to whether the circuit court correctly construed the decree of the probate court in holding that the widow was entitled to a dower interest in all the real estate of the testator without any deduction or diminution on account of her separate estate. It is the insistence of the appellant that at the end of the five year period in which the executor was authorized to manage the estate without making final settlement, the rights of the widow to dower reverted to the status which existed prior to the contract between the parties which was ratified by the probate court.

While mentioning the point, but not really pressing it, the appellee seems to think that this appeal does not lie because it is an appeal from an interlocutory decree. Since the jurisdiction of this court is involved, we shall consider the proposition. It is true that a decree on partial settlement will not support an appeal. Black v. Morgan, 227 Ala. 327, 149 So. 845. The decree here, however, is not a decree on partial settlement, but rather a decree defining the rights of the parties with reference to the widow's dower and certain charges of the executor and then ordering a reference to audit and state the accounts of the executor, etc., on the basis of the determinations made by the court. We think the decree is final and will support the appeal. Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939.

All the parties appear to concede, and we think properly so, that judgments and decrees are to be construed like other written instruments. 49 C.J.S., Judgments, § 436, p. 862 et seq.; 30 Am.Jur. p. 834. This is particularly true in this case since the decree of the probate court is based on an agreement between the parties. Paragraph 5 of the agreement embodied in the decree of the probate court without question provides that Leah S. Schwab is entitled to a dower interest for life in all the real estate of the decedent without deduction or diminution on account of such separate estate as she might own. Do the subsequent provisions of the decree show that her rights so clearly fixed for life in paragraph 5 existed only for the five year period referred to in the decree? It does not seem so to us although the matter is not entirely free from difficulty.

Of course all the provisions of the decree should be considered in order to arrive at the intent of the parties. It seems to us that the provisions subsequent to paragraph 5 were intended to recognize the dower rights of the widow in special situations as for example repossession of real estate embraced in a purchase money mortgage after foreclosure, the dower to be determined according to Alabama statutes without consideration of the widow's separate estate. But assuming that the subsequent paragraphs when taken with paragraph 5 do create uncertainty and ambiguity, then it is proper to look to the record in order to interpret the decree. 49 C.J.S., Judgments, § 436, p. 867; Taunton v. Dobbs, 240 Ala. 287, 199 So. 9. As shown by the petition for construction of the will filed in the probate court there were perhaps plausible grounds for disagreement between the widow and the children as to what was the legal effect of Items 5 and 6 of the will and also whether or not the limited power contained in Item 7 of the original will became vested in the sole executor, Herold J. Schwab, named in the codicil.

Item 5 has been sufficiently referred to. Item 6 in brief authorizes and empowers the executors to sell any of the real estate, if and when in their judgment and discretion it is best to do so, without court order and in such manner and on such terms "as in their judgment" it may be best for the estate and invest the proceeds in government, state or county bonds. In the original will in Item 7 Leah S. Schwab and Herold J. Schwab were appointed executors. In the codicil which was probated with the will, Item 7 was revoked and Herold Schwab was appointed sole executor.

One of the principal questions disclosed by the petition for construction was just what estate did the testator intend to give his widow Leah S. Schwab under Item 5 of the will? Was the devise to her that of a special interest in the property or was it to be regarded for all practical purposes as though the testator had died intestate as to the residue of his property? Was it the purpose of the testator that the property or rights devised to her should be reduced by any statutory separate estate she might have owned at the time of his death? If her right was to be considered as statutory dower and to be subject to reduction on account of any separate estate the widow might have owned as provided by Code of 1940, Title 34, §§ 42 and 43, did the power of sale in the executors contained in Item 6 authorize and empower Herold J. Schwab to sell any property, free from dower of the widow without her consent? If it could be sold without her consent, could it be sold partly for cash and partly on credit, and did the widow retain the rights provided by Code of 1940, Title 61, § 272 to have a fair equivalent for the dower interest paid to her in cash when the sale was made? These and other problems were presented by the petition for construction of the will.

The parties evidently considered the foregoing questions as important in the administration of the estate. It was necessary that these problems be solved either by mutual agreement or by litigation. It is evident that all of the parties, especially the executor, wished to sell a considerable part of the real estate. If he had the right to sell it under the will the proceeds were required to be invested in government bonds. The widow's dower became vested and whatever her part was, the unpaid portion was an asset of her estate whether due or not.

The parties did what appears to be the reasonable thing by making a mutual agreement in which concessions were evidently made by both sides. It was agreed that a decree should be entered authorizing the executor to administer and divide the estate as therein provided. The personal property was charged with the payment of debts, taxes and other charges against the estate and the executor given the right to sell such amount as was necessary for that purpose, prior sales being ratified. As to the remainder of the personal property it was provided that it should be equally divided between the widow and the two children without any deductions, any law as to separate estates of the widow or advancements or gifts notwithstanding.

When it came to the real estate paragraph 5 clearly provided that a ⅓rd interest for life in all of the real estate of the testator was fixed in Leah S. Schwab without deduction by reason of her separate estate. It was also provided that the executor might sell the real estate or any part thereof using his own discretion as to the terms of sale and that Mrs. Schwab's portion was to be one-sixth of the purchase price as collected and that her interest should cease upon her death except as to such items as had matured but were subsequently collected. . It was considered necessary to make provision for special situations as has been pointed out. It does not seem reasonable that Mrs. Schwab intended to agree that during the five year period she had a dower interest without reduction by reason of her separate estate and when the five year period was ended such reduction would become effective. It should be kept in mind that the executor's power to sell could continue beyond the five year period unless the court required a final settlement.

So, when the decree is considered in connection with the record, we do not think that the subsequent provisions in the contract were intended to change the provisions as to dower set up in paragraph five.

But there is another reason why we feel fortified in the opinion which has been expressed. In Lowery v. May, 213 Ala. 66, 104 So. 5, this court said: "Inconsistency between clauses or conditions which cannot be reconciled must be resolved in favor of the first clause, that is, if upon the whole instrument consistent effect cannot be given to the subsequent clause." The first provision of the decree to which we have referred is so unambiguous and clear that it must be given effect.

We conclude that the court correctly interpreted the decree of the probate court with reference to the allotment of dower to the widow Leah S. Schwab.

We come now to the assignments of error which question the provisions of the decree of the circuit court in its interpretation of the decree of the probate court with reference to the compensation to be allowed the executor. The decree of the probate court contains paragraph 17 as follows: "That the Executor be and he is hereby authorized, so long as he undertakes the handling and management of the real estate, to employ and pay real estate or rental agents to handle, manage, sell or rent said property or any part thereof, and to pay them the customary commission for making sales or for renting and collecting the rents on any of said property, and from the total rents or other income collected from all of the property, he is authorized to pay said rental agents the said commissions, taxes, assessments, necessary repairs and other necessary expenses and charges on or for any or all of said property including a bookkeeper and collector and any office expenses incurred in the handling and management of said property * *."

The decree of the probate court also includes paragraph 19 as follows: "That, if in the exercise of his duties in the management and renting of real estate under the power in the will and under the written agreement and this decree, the Executor performs any extraordinary duties benefitting all the parties, he be and is hereby authorized to charge a reasonable compensation for his services to be apportioned as the respective interest of the parties to the written agreement exist in the property sold rented or handled by him, such compensation to be agreed upon between the parties and in the absence of such agreement, to be fixed by the Probate Court of Jefferson County, Alabama, upon petition by the Executor; that, where Herold J. Schwab individually collects the rents or negotiates sales, he shall be entitled to receive for his services the usual commissions paid to rental or sales agents as prescribed by the Real Estate Board of Birmingham, Alabama, the commissions for negotiating sales to be apportioned between the parties in proportion to their three respective interests, all commissions connected with renting or collection of rent to be borne equally by the parties."

Construing the foregoing provisions of the decree of the probate court, the circuit court entered its decree as follows:

"2. The Court construes Section 17 of said decree as relating to the rental of the real estate belonging to said estate through real estate agents and/or the employment of a collector to handle and manage the real estate in which event the executor is authorized to pay commissions to rental agents and to employ a bookkeeper and a collector and pay any office expenses in connection with the handling and management of real estate without the services of a legal real estate agent.

"Paragraph 19 provides that where the executor *individually* collects the rents and negotiates a sale he shall be entitled to the usual commissions for such services.

"3. Construing paragraphs 17 and 19 of said decree together the Court is of the opinion that where rentals are handled through regular real estate agents as to part of the property and by the executor individually as to part of the property, the only charges against such rentals would be the regular real estate commissions and that the executor would not be entitled to any additional allowances for expenses in connection therewith. However, if it should appear that a bookkeeper was employed to keep the books of the estate, he would be entitled to a credit for the salary of the bookkeeper. The Executor would not be entitled to credit for any office expenses where the rentals and sales were handled entirely through rental agents and by the executor individually, but he would be entitled only to his commissions for such rentals and sales as he handled. In no event is the executor entitled to any car expense.

"4. That under said decree the executor would be entitled to reasonable compensation for any extraordinary services which he may have rendered the estate which are not the usual services of an executor and for which he is not compensated by the payment of rental and sales commissions."

We confess that we are unable to see where the appellant has any grievances with the decree of the circuit court. In brief, as we interpret the court's opinion, the court did not think it proper for the executor to carry on an individual business in the office of the estate so as to charge commissions for selling and renting the property and also collect or receive credit for the office expenses. In short, one acting as rental or sales agent should be satisfied with the usual compensation for such services and should pay his own expenses incurred in that connection including his car expense.

Upon a consideration of the entire matter we think the decree of the lower court should be affirmed.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.