133 So.2d 688

Carl BULLARD, pro ami.

v.

Troy WILLIAMS.

8 Div. 27.

Supreme Court of Alabama.

June 22, 1961.

Clark E. Johnson, Jr., Albertville, for petitioner.

Lusk & Lusk, Guntersville, opposed.

COLEMAN, Justice.

This is a review, by certiorari, of a decision of the Court of Appeals wherein that court reversed a judgment of the circuit court which granted defendant's motion for a new trial in an action at law.

In an action for work and labor done by plaintiff for defendant under an agreement, and for money loaned by plaintiff to defendant, judgment was rendered for the plaintiff on the verdict of a jury. Defendant filed a motion for new trial which was granted. Plaintiff then appealed to the Court of Appeals. That court reversed the judgment granting a new trial, and reinstated the judgment for the plaintiff. Defendant asserts that the decision of the Court of Appeals is erroneous.

From the opinion of the Court of Appeals, we understand that the tendencies of plaintiff's evidence are as follows: The defendant employed plaintiff to work in defendant's garage for a wage of $200 per month. Plaintiff worked for defendant for approximately six weeks. Defendant paid plaintiff only $10 as wages. On a trip to Chicago, plaintiff loaned defendant $300 and defendant has not repaid the loan.

Testimony for defendant tended to show that he never had any agreement with plaintiff about working at the garage; that defendant entered into a partnership with plaintiff's father; that the father agreed to furnish the garage building, clean used cars, and help to sell them; and that because the father could not render personal service to the partnership, he sent his son, the plaintiff, to perform the father's duties to the partnership. Defendant denied that he received any money from plaintiff and defendant testified that he did not owe plaintiff any money.

Plaintiff's evidence further tended to show that defendant did not enter into a partnership with plaintiff's father, that defendant rented the garage building from plaintiff's father and borrowed money from plaintiff's father. After several weeks of operation, defendant quit the used car business to accept a job on the Boaz police force. There is other evidence concerning the operation and liquidation of defendant's used car business. It appears that defendant has filed a suit in equity against plaintiff's father.

■ The trial court heard testimony ore tenus on the motion for new trial. Looking to the record of the judgment entry, as we are permitted to do on this petition, Southern Building & Loan Ass'n v. Holmes, 227 Ala. 1, 149 So. 861, we find that the judgment granting the motion for new trial recites in pertinent part as follows:

"On this the 10th day of October, 1958, the foregoing motion being heard this day and understood by the Court, the Court is of the opinion justice would be best served by awarding a new trial in this case under all the circumstances.

"It is therefore considered, ordered and adjudged by the Court that the motion for a new trial be and the same is granted and the case restored to the docket for trial at the next term of Court at Albertville."

■ The Court of Appeals concluded that the motion was not granted on the ground of insufficiency of the evidence; that, considered as an original proposition, the verdict was not so clearly against the weight and preponderance of the evidence as to warrant a new trial on that ground; that the evidence as to the alleged misconduct of a juror did not show such misconduct as to justify a new trial on that ground; and that the action of the trial court in admitting certain testimony by the witness, Rice, did not constitute prejudicial error. The Court of Appeals found no merit in the remaining grounds of the motion for new trial and did not discuss other grounds. Being of opinion that the motion for new trial was without merit, the Court of Appeals reversed the judgment granting the motion and rendered judgment for the plaintiff.

We are of opinion that the Court of Appeals erred in concluding that the motion for new trial was not granted on the ground that the verdict was contrary to the great preponderance of the evidence. The judgment entry recites that "the Court is of the opinion justice would be best served by

awarding a new trial in this case under all the circumstances." The judgment makes no other reference to the court's reason for granting a new trial or the grounds of the motion which the court considered well taken. We do not think it can be said that the judgment negated action upon the ground that the verdict was contrary to the great preponderance of the evidence.

In Cook v. Sheffield Co., 206 Ala. 625, 91 So. 473, 475, this court in reviewing the granting of a new trial decided that the judgment "negatived action upon" the ground that the verdict was contrary to the great preponderance of the evidence, and refused to indulge the presumption in favor of the action of the trial court which prevails when the judgment granting a new trial is referred to that ground. Reference to the record in Cook v. Sheffield Co., supra, discloses that the judgment granting a new trial in that case recited in pertinent part as follows:

"The Court is of the Opinion that the Court erred in overruling the demurrers to Count No. 16 of the Complaint and that the Supreme Court would reverse the trial court on said Ruling being of this opinion the Court deems it unnecessary to require the defendant to take an appeal to the Supreme Court and will sustain Defendant's Motion to grant a new trial. The Plaintiff is given an exception to said ruling." Supreme Court Record, Vol. 2736.

The judgment there clearly was placed on the ground of error in overruling the demurrer to Count 16, and rebutted any presumption that the judgment was placed on any other ground. Such is not the case here. The judgment of the trial court in the case at bar is placed on "all the circumstances." Instead of placing the judgment on any single ground of the motion, that recital would seem to base the judgment on all the grounds of the motion, and grounds 1 through 5 presented the question of the weight of the evidence. We are of

opinion, therefore, that review of the judgment granting a new trial was due to be attended with the presumption which prevails when the granting of a new trial is based on the ground that the verdict was contrary to the great weight of the evidence.

"* * * the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. And decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict * *." Cobb v. Malone & Collins, 92 Ala. 630, 635, 636, 9 So. 738, 740.

See also Hyde v. Norris, 250 Ala. 518, 35 So.2d 181; Martin v. Birmingham Southern R. Co., 250 Ala. 583, 35 So.2d 339; Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331; Lindsay Products Corp. v. Alabama Securities Corp., 247 Ala. 662, 25 So.2d 852; Mullinax v. Hufham, 269 Ala. 435, 113 So.2d 671.

As stated by the Court of Appeals, when the judgment entry is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and other proceedings for the purpose of ascertaining the exact determination of the court. Coffey v. Cross, 185 Ala. 86, 64 So. 95.

In Coffey v. Cross, the court found it necessary to construe a decree rendered in a divorce suit. The divorce decree set apart to the wife and her minor child certain land. The obscurity in the decree was whether it vested in the widow a fee-simple title, subject to a life estate in her child, or vested in the widow merely a life estate with an undivided one-fifth interest in remainder to the child. To ascertain what

the decree determined, this court referred to the pleadings and proceedings in the divorce suit and decided that the wife took the fee subject to the life estate of the child. The subject of inquiry and ascertainment was the meaning of the divorce decree and not the reason or ground on which that decree was based. There was obscurity as to what the decree determined. Likewise, in Schwab v. Schwab, 255 Ala. 218, 50 So. 2d 435, the court construed the decree of the probate court to determine its meaning and not to determine the grounds on which the probate court's decree was based.

In the instant case there is no obscurity as to what the judgment determined. It clearly determined to grant a new trial. Where the exact determination of the court is clear, we perceive no reason to look behind the judgment entry to determine its meaning. It is true that the judgment does not clearly specify the ground of the motion which was sustained by the trial court. That is the case, however, in every judgment granting a new trial where the court does not specify the ground. We see no more reason to ascertain the ground on which the judgment was based in this case, than to seek the ground in any other case where the ground is not specified. It follows that the reviewing court should presume that the judgment was based on the ground that the verdict was contrary to the great preponderance of the evidence, which is the rule in other cases where the ground is not specified.

"Where the trial court's ruling in granting a new trial is based on no specific ground, his judgment must be sustained on appeal if any good ground is presented. W. M. Templeton & Son et al. v. David, 233 Ala. 616, 173 So. 231. And this Court must consider whether it is to be sustained on the ground that the verdict is contrary to the evidence. (Citations omitted.)

"In considering this ground of a motion for a new trial it must now be considered the fully established rule,

under a long line of our cases, that decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict set aside. (Citations omitted.) By this is meant that, 'the same presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled.' (Citations omitted.)" Lindsay Products Corp. v. Alabama Securities Corp., supra, 247 Ala. at page 663, 25 So.2d at page 853.

Accordingly, the judgment of the Court of Appeals must be reversed and the cause remanded to that court for further consideration in accordance with that rule.

We are of opinion that the Court of Appeals did not err in holding that the evidence set out as to the misconduct of the juror fails to show injury to defendant.

■ The Court of Appeals found no error prejudicial to defendant in the action of the trial court in allowing plaintiff to propound to his own witness, Rice, certain questions concerning previous statements of the witness which were inconsistent with his present testimony. The Court of Appeals holds, as we understand the opinion, that any error in these rulings of the trial court was without injury.

"Ordinarily this court will not disturb the finding of the Court of Appeals as to error without injury unless it is manifest from the opinion of said court that the application of said rule was erroneous. Birmingham Southern R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339; McNeil v. Munson S. S. Lines, 184 Ala. 420, 63 So. 992; Ex parte First Nat. Bank of Montgomery, 206 Ala. 394, 90 So. 340." Ex parte Lackey, 228 Ala. 106, 153 So. 289, 290.

We cannot say that it is manifest from the opinion of the Court of Appeals that its finding as to error without injury is erroneous in the holding here complained of.

For the error in concluding that the judgment granting a new trial was not based on the ground that the verdict was contrary to the great preponderance of the evidence, the judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

All the Justices concur.