235 So.2d 836

**Thaddeus GRUBBS**

**v.**

**LONG-LEWIS HARDWARE COMPANY.**

**6 Div. 715.**

Supreme Court of Alabama.

May 28, 1970.

Hare, Wynn, Newell & Newton, and Edward L. Hardin, Jr., Birmingham, for appellant.

Huey, Stone & Patton, Bessemer, Huie, Fernambucq & Stewart, Birmingham, for appellee.

MADDOX, Justice.

Plaintiff, Thaddeus Grubbs, filed suit against the defendant (appellee here) claiming $500,000 as damages, alleging that the defendant negligently failed to provide plaintiff with a reasonably safe place to work and perform his duties, but to the contrary, provided him with a place to work where he was forced to inhale or become exposed to carbon monoxide gas and chemical fumes dangerous and deleterious to human health, and as a proximate consequence of said negligence, plaintiff was permanently injured.

Plaintiff worked as a tune-up man in defendant's automobile repair shop. The plaintiff also averred that he was not subject to the application of the Workmen's Compensation Law or that the injuries were not the result of an accident within the meaning of said law, but of disease and bodily harm gradually resulting by prolonged exposure and inhalation of carbon monoxide gas and other fumes. Count 2 alleged wanton misconduct on the part of the defendant. After the pleadings were settled, the case was submitted to a jury, which returned a verdict in favor of the plaintiff and against the defendant and assessed damages in the sum of $100,000. Judgment was rendered in accordance with the verdict.

Defendant filed a motion for a new trial, which was duly continued and set for hearing and argument before the court, and the court, after hearing the argument of coun-

sel on said motion, took the same under advisement and subsequently granted the defendant's motion for a new trial. The plaintiff then took this appeal.

The appellant contends here that in civil cases, a question must go to the jury if the evidence or reasonable inferences arising therefrom furnish a mere gleam, glimmer, spark, the least particle, the smallest trace, or scintilla in support of the theory of the complaint, and that verdicts are presumed to be correct and no ground of a motion for new trial is more carefully scrutinized and rigidly limited, than that the verdict is against the weight of the evidence. Without question, this is a fair statement of the law.

On oral argument, appellant earnestly contended that our law is inconsistent in that we will allow an issue to go to a jury if there is a scintilla of evidence to support it, but will nevertheless presume a trial judge's ruling to be correct if the trial judge grants a motion for a new trial on the ground that the verdict is against the preponderance of the evidence.

If we agreed with appellant's argument, we would either have to discard our "scintilla rule" or we would have to overrule many of our prior decisions which hold that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order will not be disturbed on appeal unless some legal right of the appellant has been abused. Taylor v. Brownell-O'Hear Pontiac Co., 265 Ala. 468, 91 So.2d 828 (1957); Adams v. Lanier, 283 Ala. 321, 216 So.2d 713 (1968); McDaniel v. Birmingham News Co., 276 Ala. 320, 161 So.2d 799 (1964). We decline to overrule our prior decisions or to change the "scintilla rule."

Since Cobb v. Malone, 92 Ala. 630, 9 So. 738, we have consistently followed the rule there laid down that orders granting new trials will not be reversed unless the evidence plainly and palpably supports the verdict. This rule has been followed without change for almost 80 years.

We have examined the record and find ourselves unable to say that the evidence in the instant case "plainly and palpably shows that the trial court was in error."

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.