248 So.2d 708

Walter Vernon MOON

v.

W. T. CLOUD, Ind. and d/b/a W. T. Cloud Pulpwood Co. and Dixie Timber Harvesting Co.

7 Div. 896.

Supreme Court of Alabama.

May 27, 1971.

Burns, Carr & Shumaker, Gadsden, for appellant.

Inzer, Suttle, Inzer & Pruett, Gadsden, for appellees.

COLEMAN, Justice.

The plaintiff appeals from a judgment granting defendant's motion for a new trial in an action to recover for damages to plaintiff's property alleged to be the proximate result of the negligence of defendant.

The caption of the complaint describes the "DEFENDANTS" as:

"W. T. CLOUD, individually and doing business as W. T. CLOUD PULPWOOD COMPANY, and DIXIE TIMBER HARVESTING COMPANY."

In Counts, One, Four, and Five, plaintiff claims of the "defendants" and in Counts Two and Three claims of the "defendant." In his pleas of recoupment, defendant refers to himself in the singular; i. e., as the "Defendant." As we understand the case, the defendant is a single individual, and we will for convenience refer to him as the defendant.

The court sustained defendant's demurrer to Counts One, Two, and Three, and

overruled demurrer to Counts Four and Five. The case was tried on Counts Four and Five, defendant's plea of recoupment "C," and defendant's plea of the general issue in short by consent with leave, etc.

In Count Four, plaintiff claims of defendant $30,000.00 for that on and prior to the 15th day of March, plaintiff operated a garage and was in the business of making mechanical repairs on trucks; on March 14, defendant requested plaintiff to take possession of a truck and make repairs on the engine of the truck, and defendant was to pay plaintiff money for said repairs; in accord with defendant's request, plaintiff took the truck to his place of business and stored it inside a building where plaintiff was making repairs on the truck; and, at the time "defendants" turned said truck over to plaintiff's possession, " . . . . they knew or by the exercise or (sic) reasonable diligence should have known that the truck was in a dangerous condition, likely to explode or burn at any time, and yet, even though the defendants knew or should have known that said truck was likely to explode or burn, they negligently turned the possession of said truck over to the plaintiff without warning the plaintiff of its dangerous condition," and, on March 15, said truck exploded, and, as a proximate consequence of the negligence of defendant, plaintiff suffered the following damage: his tools, equipment, goods for sale, furniture and fixtures used in his business were destroyed, the building in which plaintiff did business was destroyed, leaving plaintiff with no location to operate his business, and he has lost and will continue to lose income from his business.

Count Five is substantially the same as Court Four, except that in Count Five plaintiff alleges that defendant "wantonly" turned the possession of the truck over to the plaintiff and that plaintiff suffered "wanton injuries and damages." The court gave defendant's requested affirmative charge with hypothesis as to Count Five, and further reference to Count Five is unnecessary.

In plea of recoupment "C," defendant claims of plaintiff $5,000.00 for the loss of defendant's truck alleged to have been the proximate consequence of plaintiff's negligence in causing or permitting the truck to catch on fire.

The court instructed the jury that under defendant's plea in short, he had pleaded contributory negligence; that is, that the plaintiff was negligent in his conduct in use or operation of the truck and that plaintiff's negligence proximately contributed to cause plaintiff's damages and loss.

The jury returned a verdict for plaintiff, and judgment was rendered according to the verdict.

Defendant filed a motion for new trial, and the court granted the motion. From this ruling plaintiff appeals.

The motion for new trial contains forty-two grounds. The judgment granting the motion does not specify the grounds of the motion which the court considered well taken. Grounds 17, 18, and 19 of the motion are that the verdict is: "contrary to the great weight of the evidence in the case," "contrary to the overwhelming weight of the evidence in the case," and "so contrary to the overwhelming weight of the evidence in the case as to indicate prejudice and bias."

In considering appeals from judgments granting new trials, this court has said:

"[1] No specific ground was given by the trial court as the basis of his ruling. In such case his judgment must be sustained on appeal if any good ground is presented.

"[2] If no other good ground appears, this court must consider whether it is to be sustained on the ground that

the verdict is contrary to the evidence. (Citations Omitted)

"[3] In considering this ground of the motion, the rule stated in Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740, was:

" 'And decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict.'

"This must now be considered the fully established rule under a long line of decisions. (Citations Omitted) ·

"This rule has been several times decided to mean that 'the same presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled.' (Citations Omitted)

"When the motion is denied, the well-known rule is that such ruling will not be reversed unless after indulging all reasonable presumption in favor of the finding of the jury, the verdict is found clearly wrong and unjust. (Citation Omitted)

" . . .

"[7] . . . We cannot say the great weight of the evidence was clearly and palpably on the side of defendants.

"We are by no means sure that the trial judge meant to sustain this ground of the motion; but in the form the ruling comes to us, we must sustain his ruling as if he did so intend." W. M. Templeton & Son v. David, 233 Ala. 616, 617, 618, 173 So. 231, 232, 233.

"In the early case of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740, repeatedly cited and followed, the rule was laid down that upon motion for new trial, based upon the fact that the verdict or judgment was contrary to the evidence, a presumption will be indulged in favor of the action of the trial court when there is a conflict in the evidence. That is, on appeal in such cases, this court will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict,' and it will not reverse an order refusing a new trial on the ground that the evidence is not sufficient to support the verdict, or that the verdict is contrary to the evidence, 'unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.' " Reed v. Thompson, 225 Ala. 381, 382, 143 So. 559.

See also: Mullinax v. Hufham, 269 Ala. 435, 113 So.2d 671; Rowell v. McCollough, 270 Ala. 576, 120 So.2d 729; Bullard v. Williams, 272 Ala. 391, 133 So.2d 688; Grubbs v. Long-Lewis Hardware Co., 285 Ala. 697, 235 So.2d 836.

In view of another trial we forego detailed discussion of the evidence. German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 170 So. 211.

The evidence presents conflicts as to whether defendant knew or should have known of the defective condition of the truck and as to whether plaintiff was guilty of contributory negligence. Under the authorities cited the judgment is due to be affirmed because we cannot say that the evidence plainly and palpably supports the verdict. Cobb v. Malone, supra. Other questions have not been decided.

Affirmed.

HEFLIN, C. J., and SIMPSON, BLOODWORTH, and McCALL, JJ., concur.