The State of Alabama; Governor Don Siegelman; Attorney General Bill Pryor; Michael O'Dell, district attorney for the Ninth Judicial Circuit; and Cecil Reed, sheriff of DeKalb County (hereinafter collectively referred to as "the State"), appeal *Page 721 
from an order granting a preliminary injunction to Phillip Lawhorn. That order is based on findings the trial court made in regard to the Community Notification Act, § 15-20-20 et seq., Ala. Code 1975 (hereinafter referred to as "the Act"). We dismiss the appeal.
On September 22, 2000, Phillip and Sheila Lawhorn sued the State of Alabama, Governor Siegelman, O'Dell, Roy Wynn (identified in the complaint as the sheriff of DeKalb County), and Shirley Gorham, director of the DeKalb County Department of Human Resources. The complaint stated, in pertinent part:
 "3. Plaintiffs Sheila and Phillip [Lawhorn] were married to each other on or about November 7, 1997.
 "4. At the time of said marriage, Sheila had, and currently has, two minor children that are, as a result of said marriage, Phillip's stepchildren.
 "5. On or about March 9, 1998, Phillip was sentenced and placed on probation for two separate charges of sexual abuse in the second degree. Neither victim therein was Phillip's child.
 "6. As a condition of said probation, Phillip was prohibited from residing with his wife Sheila and his stepchildren.
 "7. On or about September 1, 1999, Alabama's Community Notification Act (hereinafter the `Act') became effective upon its approval on or about June 18, 1999, by Governor Don Siegelman, who is charged with the duty of the enforcement of the laws in the State of Alabama.
 "8. On or about March 9, 2000, Phillip was released from said probation and the terms thereof."
The Lawhorns alleged that the Act was unconstitutional in its entirety, or as it applied to Phillip Lawhorn, in that it prohibited Phillip and Sheila from living together without fear of criminal prosecution.[1] As relief, the Lawhorns sought, in part, a declaration from the trial court that the Act was unconstitutional in its entirety, or at least as it applied to them, so that they could live together; the Lawhorns also requested that the trial court preliminarily enjoin the State from enforcing the Act against them, during the pendency of the action, and that it permanently enjoin the State from doing so thereafter.
Along with the complaint, the Lawhorns filed a motion for a restraining order against the State that the trial court denied on October 3, 2000, in consideration of the fact that it had set a hearing on their request for a preliminary injunction for October 31, 2000. On October 10, 2000, the Lawhorns amended their complaint to correct the caption to reflect that Cecil Reed was the sheriff of DeKalb County. Thereafter, a motion to dismiss was filed by Attorney General Pryor and O'Dell, and subsequently a similar motion was filed by Gorham. The Lawhorns filed oppositions to the motions to dismiss. On November 15, 2000, they filed an amendment to their amended complaint that struck and substituted a paragraph therein, along with a supporting brief. On November 29, 2000, the State filed a response in opposition to the Lawhorns' complaint as last amended, to which the Lawhorns filed a reply on December 11, 2000. *Page 722 
On January 25, 2001, the trial court entered an order granting a preliminary injunction to Phillip Lawhorn. On January 31, 2001, the State filed a motion to alter, amend, or vacate the trial court's judgment.[2]
On February 5, 2001, the Lawhorns filed objections to the State's postjudgment motion. On February 6, 2001, Gorham filed a motion to alter, amend, or vacate, similar to the motion filed by the State, to which the Lawhorns filed objections on February 7, 2001. The trial court held a hearing on the postjudgment motions on April 10, 2001, and denied them on May 1, 2001. On May 24, 2001, the State filed a motion for the trial court to make its January 25, 2001, order "final" pursuant to Rule 54(b), Ala.R.Civ.P., for purposes of appeal. That motion stated:
 "COME NOW the Defendants . . . and move this Honorable Court, pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure, to make final its judgment concerning the constitutionality of the Community Notification Act. In so doing, the State does not waive any objections to the basis of the Court's granting a permanent injunction to the Plaintiffs. Nonetheless, it is evident the Court's order of January 25, 2001, is dispositive of the Plaintiff's [sic] constitutional claims. Moreover, by denying the State's motion to alter, amend or vacate said order, it is equally evident that further trial-court proceedings will not produce a favorable result to the State. Thus, there is no reason to delay c this Court's express direction for the entry of a final judgment against the State, from which an appeal will then be taken."
(Footnotes omitted; emphasis added.) Also, in a footnote to its motion, the State asserted that "[d]uring the April 10, 2001, hearing on the State's motion to alter, vacate or amend, all the parties agreed this Court's January 25, 2001, order was not final." On June 8, 2001, the trial court entered an order that stated:
 "Upon motion of the State, IT IS ADJUDGED that the court's order of January 25, 2001, is made final concerning the issue of the constitutionality of that portion of the Community Notification Act that is the subject of the proceedings, the court finding there is no just reason for delay. Judgment is entered in favor of plaintiff, Phillip Lawhorn, on such issue."
(Emphasis added.)
The statements by the trial court in its January 25, 2001, order concerning the constitutionality of the Act were made in the context of its consideration of whether the Lawhorns had a reasonable chance of prevailing on the merits, that being a required element of its preliminary-injunction analysis. See Perley v. Tapscan, Inc., 646 So.2d 585,587 (Ala. 1994) ("In order for a trial court to enter a preliminary injunction, the plaintiff must show all of the following: (1) that without the injunction the plaintiff would suffer immediate and irreparable injury; (2) that the plaintiff has no adequate remedy at law; (3) that the plaintiff has at least a reasonable chance of successon the ultimate merits of his case; and (4) that the hardship imposed on the defendant would not unreasonably outweigh the benefit accruing to the plaintiff." (emphasis on "all" original; other emphasis added) (citations omitted)). Specifically, the record shows that all of the trial court's comments concerning the *Page 723 
Act appeared under a heading in the order entitled "Reasonable Chance of Prevailing on the Merits"; the trial court's comments under that heading concluded with the statement that "[t]he plaintiff, Phillip Lawhorn, has met the requirement of showing a reasonable chance of prevailing on the merits of his challenge to that provision of the Act here at issue." Further, the trial court's order stated, in pertinent part:
 "The court having found that the plaintiff, Phillip Lawhorn, has satisfied each of the requirements for the issuance of a preliminary injunction, it is unnecessary to address challenges to the validity of the Act other than the ex post facto challenge. Although that challenge is not one Sheila Lawhorn can make and the court makes no finding on the other challenges asserted, it appears to the court that the relief herein granted to Phillip Lawhorn provides incidental relief to Sheila Lawhorn as well, and that it is unnecessary for the court to further address her claim for relief."
(Emphasis added.) The final statement in the order was that "[o]ther matters shall await further order of this court."
In this appeal, the State does not challenge the entry of the preliminary injunction in and of itself. Rather, the State challenges the trial court's findings concerning the constitutionality of the Act, which, as noted above, were expressed only in the context of determining whether the Lawhorns, as a prerequisite to their entitlement to a preliminary injunction, had shown that they had a reasonable chance of prevailing on the merits of their claims. If the State had sought to appeal the issuance of the preliminary injunction entered by the trial court's January 25, 2001, order, it would have had to file a notice of appeal within 14 days of that order, in the absence of the timely filing of a postjudgment motion. Rule 4(a), Ala.R.App.P., states, in pertinent part:
 "(1) Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from, or within the time allowed by an extension pursuant to Rule 77(d), Ala.R.Civ.P. In appeals from the following orders or judgments, the notice of appeal shall be filed within 14 days (2 weeks) of the date of the entry of the order or judgment appealed from: (A) any interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve or to modify an injunction; . . .
". . . .
 "(3) The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure (ARCP) shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion. . . ."
(Emphasis added.) By application of Rule 4(a)(3), however, once the trial court denied the State's postjudgment motion on May 1, 2001, the State had 14 days from that date to file its notice of appeal with this Court, if it was appealing only the entry of the preliminary injunction. However, because the State does not appeal the entry of the preliminary injunction, and because the trial court undertook to make its order final pursuant to Rule 54(b), Ala.R.Civ.P., the 14-day period to appeal does not apply, if that Rule 54(b) *Page 724 
certification was valid. See Jefferson County Comm'n v. ECO PreservationServs., L.L.C., 788 So.2d 121, 126 (Ala. 2000) ("If an injunction order has been made final by a Rule 54(b) certification, . . . then the 14-day provision of Rule 4(a)(1)(A) does not apply, because the injunction order is not an `interlocutory order' and is appealable without regard to the provisions of Rule 4(a)(1)(A).").
Accordingly, we next consider whether the trial court's grant of the State's motion to make its January 25, 2001, order "final" pursuant to Rule 54(b), Ala.R.Civ.P., was effectual. While the trial court, in connection with the "reasonable-chance-of-prevailing-on-the-merits" analysis, was required to consider the constitutionality question in addressing that portion of the claim requesting a preliminary injunction, the constitutionality of the Act was also an element of the separate claim for declaratory relief, as to which the January 25, 2001, order made no judgment.[3] That is, the trial court's finding that Phillip Lawhorn had a reasonable chance of prevailing on the claim seeking declaratory relief was not a definitive and complete adjudication of that claim. Further, it was not a complete adjudication of the claim for injunctive relief, because the court had not ruled, and could not rule, on the Lawhorns' request for a permanent injunction until after there was a complete adjudication on their claim for declaratory relief.
As a result, the trial court's order is ambiguous in that it purports to make final a judgment in favor of Phillip Lawhorn on the claim for declaratory relief concerning the unconstitutionality of the Act, when it had not previously made any such judgment in its January 25, 2001, order. This Court has stated that it is a "well recognized rule that whenever the judgment entry is not clear and perfect on its face, it should be interpreted in the light of the pleadings and the entire record." Taunton v. Dobbs, 240 Ala. 287, 288, 199 So. 9, 10 (1940). See also Bullard v. Williams, 272 Ala. 391, 393, 133 So.2d 688, 691 (1961) ("[W]hen the judgment entry is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and other proceedings for the purpose of ascertaining the exact determination of the court." (citation omitted)); State Tax Comm'n v.Commercial Realty Co., 236 Ala. 358, 361, 182 So. 31, 34 (1938) ("When recitals in judgments or decrees are ambiguous, such recitals must be construed in connection with the pleadings." (citations omitted)). Moreover, because the trial court's order was "upon the motion of the State," which requested the trial court, "pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure, to make final its judgment concerning the constitutionality of the Community Notification *Page 725 
Act," we conclude that the trial court's order purported to do just that. That is, it made final its previous determination that Phillip Lawhorn had a reasonable chance of prevailing on the merits of the claim that the Act was unconstitutional.
Rule 54, Ala.R.Civ.P., states, in pertinent part:
 "(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
In Baker v. Bennett, 644 So.2d 901, 903 (Ala. 1994), this Court stated:
 "Rule 54(b) allows the court to direct the entry of a final judgment as to one or more, but fewer than all, of the claims or parties upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. The ruling of the trial court . . . did not determine a separate claim. The facts here do not present the type of situation that Rule 54(b) was intended to cover. Therefore, the trial court's ruling was not a final judgment and was not appealable. Certifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely. Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala. 1987)."
(Emphasis added.) Because the trial court's ruling on the Lawhorns' claim for injunctive relief was not a complete ruling on that "claim" or a ruling on the Lawhorns' separate claim seeking a declaration that the Act was unconstitutional, there was no judgment the trial court could certify under Rule 54(b), Ala.R.Civ.P., or from which the State can appeal.
We conclude that Rule 54(b) is not intended to cover the circumstance where a party petitions for certification on the basis of its belief that further proceedings will not produce a favorable result, as is presented here. "When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu." Powell v. Republic Nat'l Life Ins. Co., 293 Ala. 101, 102,300 So.2d 359, 360 (1974) (citing Taylor v. Major Fin. Co., 289 Ala. 458,268 So.2d 738 (1972); Tarvin v. Tarvin, 266 Ala. 214, 95 So.2d 397
(1957)). The appeal is therefore due to be dismissed.
APPEAL DISMISSED.
Moore, C.J., and See, Brown, and Stuart, JJ., concur.
[1] Specifically at issue was § 15-20-26(c), Ala. Code 1975, which states, in pertinent part:
 "(c) No adult criminal sex offender shall be allowed to establish a residence or any other living accommodation where a minor resides. . . ."
Section 15-20-26(c) allows an adult criminal sex offender to reside with a minor, if the minor is the child of the adult criminal sex offender; that is not the case here.
[2] Reed also individually filed a motion adopting the State's postjudgment motion on February 14, 2000.
[3] What constitutes a "claim" under Rule 54(b), has been considered by some courts and commentators to be unclear. See, e.g., Sussex DrugProds. v. Kanasco, Ltd., 920 F.2d 1150, 1154 (3d Cir. 1990) (quoting 10 C. Wright et al., Federal Practice and Procedure § 2657, at 60-61 (2d ed. 1983); 6 J. Moore et al., Moore's Federal Practice ¶ 54.33[2], at 54-197 (1990); Allegheny County Sanitary Auth. v. EPA, 732 F.2d 1167,1172 (3d Cir. 1984); RePass v. Vreeland, 357 F.2d 801, 805 (3d Cir. 1966)). Moreover, if we were to follow the guidance of Liberty MutualInsurance Co. v. Wetzel, 424 U.S. 737, 743 n. 4 (1976), in which the Supreme Court stated, as quoted in Sussex Drug Prods., 920 F.2d at 1154, that "[i]t is sufficient to recognize that a complaint asserting only one legal right, even if seeking multiple remedies for the alleged violation of that right, states a single claim for relief," we would also conclude that the trial court had failed to make a complete adjudication on a claim for relief for purposes of Rule 54(b) certification. See alsoFederal Deposit Ins. Corp. v. Elefant, 790 F.2d 661, 664 (7th Cir. 1986) ("`Claim' under Rule 54(b) is defined with a view to avoiding double appellate review of the same issues."). *Page 726