## 21510

Ex parte Frances Mae Osborn STULL, Appellant. In re Adam Neal HASH.

(280 S. E. (2d) 209)

*Jennings C. McKelvey, Jr.,* of Waldman & McKelvey, North Charleston, *for appellant.*

July 7, 1981.

*Per Curiam:*

This appeal is taken from a family court order denying a mother's petition to change her minor child's name to her new marital name.

The lower court found that it lacked authority to permit such an action. Sections 15-49-10 and 14-21-1060, S. C. Code (1976) permit the family court,

in its discretion, to grant a petition for a change in name upon application of "any person" desirous of such modification. Application must be made, however, by the individual desiring the change in his or her name. In the instant case, it is necessary that the minor child, not his mother, institute the action for the change through his appointed guardian *ad litem*. See § 15-5-310, S. C. Code (1976); see also Family Court Rule 13. The family court is thus directed to appoint a guardian *ad litem* for Adam Neal Hash. The case shall thereafter proceed as if the minor had been the initiating party.

Upon remand, after appointment of a guardian *ad litem*, the family court shall make its determination based on the best interest and welfare of the minor child. Additionally, because the father has a protectible interest in having his child bear the parental surname, even though the mother has been awarded custody of the child, see *generally, Annot.* 92 A. L. R. (3d) 1091 (1979), he should be notified of any proceedings for a change in his minor child's surname and be allowed to participate in the hearing if he so desires. However, since the parents of the child have been divorced, the court should closely scrutinize the requested change to determine that it is actually the minor's decision rather than that of his cusodial parent. See *Application of Shipley,* 26 Misc. (2d) 204, 205 N. Y. S. (2d) 581 (1969); see also Family Court Rule 14.

Based upon the foregoing, the lower court is reversed and the case is remanded to the family court for proceedings in conformity with this opinion.

Reversed and remanded.