THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Anna Mae Morgan       
Appellant,
 
 
 

v.

 
 
 
David Wayne Morgan, Defendant       
Respondent,
 
 
 

And,

 
 
 
Martha Ann Bartlett, Third Party Defendant       
Respondent.
 
 
 

Appeal From Spartanburg County
Timothy M. Cain, Family Court Judge

Unpublished Opinion No. 2004-UP-079
Submitted December 8, 2003  Filed February 
 12, 2004

AFFIRMED IN PART AND DISMISSED IN PART

 
 
 
Anna Mae Morgan, Pro Se, for Appellant.
David Wayne Morgan and Martha Ann Bartlett, both Pro 
 Se, for Respondents.
 
 
 

 PER CURIAM:  Anna Mae Morgan (Mother) 
 appeals from a family court order, arguing the family court erred by:  1) finding 
 her in contempt of a divorce decree; and 2) ordering her to pay tutoring expenses.  
 Additionally, Mother asks this Court to modify her visitation award.  We affirm 
 in part and dismiss in part.
FACTUAL/PROCEDURAL BACKGROUND
Mother and Father have two children, Ashley and David. [1]   Following Mother and Fathers divorce, Fathers 
 mother, Martha Ann Bartlett (Grandmother), received custody of David, with 
 Mother having weekend, as well as summer and holiday visitation.  
The divorce decree, in pertinent part, contained the following provisions:  
 1) Mother was required to make copies of family pictures and deliver them to 
 Father; 2) Mother was required to return several personal videotapes to Father; 
 3) Mother, Father, and Grandmother were enjoined from harassing one another; 
 4) Mother could speak with David over the telephone; however, Mother was prohibited 
 from initiating telephone contact with David; 5) Mother was required to provide 
 Grandmother with a calendar of Mothers work schedule six months in advance; 
 and 6) Mother was encouraged not to reside with paramours overnight during her 
 visitations with David.  
Following the decree, Grandmother and 
 Father each filed rules to show cause, alleging Mother violated the divorce 
 decree. Specifically, Grandmother alleged Mother was in contempt for: 1) initiating 
 telephone calls with David; 2) failing to provide a calendar of her work schedule 
 six months in advance; and 3) continuing to reside with her paramour during 
 visitations with David. Grandmother requested Mothers visitation be restricted 
 and requested Mother pay an additional twenty-five dollars per week for Davids 
 tutoring. Fathers complaint alleged Mother was in contempt for failing to make 
 copies of the family pictures and return his personal videotapes. 
The family courts order found Mother in contempt 
 for failing to:  1) make copies of the family pictures; 2); return Fathers 
 personal videotapes; and 3) provide Grandmother with a calendar of her work 
 schedule six months in advance.  Furthermore, while holding Mother was not in 
 contempt of the divorce decree for exposing David to her paramour, the family 
 court modified the divorce decree, altering Mothers visitation schedule and 
 restricting Davids visitation with Mother to daytime hours.  Additionally, 
 the order required Mother to pay one-half of all Davids tutoring bills.  Mother 
 appeals.
STANDARD OF REVIEW
In appeals from the family court, this court has 
 the authority to find facts in accordance with its view of the evidence.  Rutherford 
 v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  This broad 
 scope of review does not, however, require this court to disregard the findings 
 of the family court.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 
 S.E.2d 616, 617 (1981).  
LAW/ANALYSIS
I.       Contempt
Mother argues the family court erred 
 by holding her in contempt for failing to:  1) make copies of family pictures 
 and provide them to Father; 2) return Fathers personal videotapes; and 3) provide 
 Grandmother with her work schedule six months in advance.  We deem these issues 
 abandoned.
[S]hort, conclusory statements made 
 without supporting authority are deemed abandoned on appeal and therefore not 
 presented for review.  Glasscock, Inc. v. U.S. Fidelity and Guar. Co., 
 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001).  
Mothers brief contains little discussion as to 
 the issues on appeal and no citation to authority.  Thus, we deem these issues 
 as abandoned.  See Glasscock, Inc., 348 S.C. at 83, 557 S.E.2d 
 at 691. [2]   
 II.               
 Visitation
Mother argues this Court 
 should modify the family courts visitation award because, subsequent to the 
 family courts order, she married the paramour.  This issue is not properly 
 before us.
Initially, we note, 
 Mother has not argued the family court abused its discretion by altering her 
 visitation award.  Thus, the only issue presented is whether this Court should 
 find Mothers circumstances have changed such that her visitation award should 
 be modified.
For a court to modify 
 an existing custody or visitation award, there must be a showing of changed 
 circumstances occurring subsequent to the entry of the decree.  Heckle v. 
 Heckle, 266 S.C. 355, 358, 223 S.E.2d 590, 591 (1976).  However, a motion 
 to modify a custody or visitation award based on a change in circumstances cannot 
 be made, at the first instance, to this Court.  See S.C. Code Ann. § 
 14-8-200(a) (Supp. 2002) (stating the Court of Appeals jurisdiction is limited 
 to appellate jurisdiction).  Rather, the motion must be made in the family court.  
 See S.C. Code Ann. § 20-7-400(A)(1)(e) (1985) (stating the family court 
 has original jurisdiction over claims of child custody); S.C. Code Ann. § 20-7-420(30) 
 (Supp. 2002) (The family court shall have exclusive jurisdiction:  [t]o hear 
 and determine any questions of support, custody, separation, or any other matter 
 over which the court has jurisdiction, without the intervention of a jury . 
 . . .).
In Grandmothers rule to show cause, Grandmother argued 
 Mother was in contempt of the divorce decree for residing overnight with the 
 paramour during her visitations with David.  The family court ruled the 
 divorce decree only recommended Mother not reside with paramours during her 
 visitations with David.  Thus, the family court did not hold Mother in 
 contempt.  However, the family court ruled the best interests of David 
 would be served by altering Mothers visitation award and restricting Mothers 
 visitation with David to daylight hours. 
Subsequently, Mother married the paramour.  
 However, no evidence exists within the record indicating Mother either planned 
 to marry the paramour prior to the modification or discussed the possibility 
 with the family court.  
Mother claims her marriage to 
 the paramour is a change of circumstances warranting a visitation modification.  
 However, her claim is not properly before this Court.  See S.C. 
 Code Ann. § 14-8-200(1) (stating the Court of Appeals jurisdiction is limited 
 to appellate jurisdiction).  Rather, this claim must first be brought before 
 the family court.  Thus, Mothers remedy, if any, is to petition the family 
 court for modification of its order.  Accordingly, this portion of the appeal 
 is dismissed for lack of subject matter jurisdiction.
III.    Tutoring
Mother argues the family court 
 erred by ordering her to pay one-half of Davids tutoring bills because she 
 is capable of tutoring David, and thus, third party tutors are unneeded.  We 
 disagree.
In all determinations 
 involving children, the best interests of the children are the paramount concern.  
 See e.g.  Cook v. Cobb, 271 S.C. 136, 140, 245 S.E.2d 612, 614 
 (1978) (The welfare of the child and what is in his/her best interest is the 
 primary, paramount and controlling consideration of the court in all child custody 
 controversies.);  Ex Parte Stull, 276 S.C. 512, 513, 280 S.E.2d 209, 
 210 (1981) (holding in deciding whether to allow a change in a childs surname, 
 the family court should grant the request only if the change promotes the childs 
 best interests and welfare);  South Carolina Dept of Soc. Servs. v. Vanderhorst, 
 287 S.C. 554, 561, 340 S.E.2d 149, 153 (1986) (holding in proceedings to terminate 
 parental rights, the paramount concern is the best interests of the child).
In Grandmothers rule 
 to show cause, she asserts David needs tutoring.  To support her position, Grandmother 
 testified David was having difficulty in school, and his school requested he 
 receive at least two hours of tutoring a week. Grandmother further testified 
 Davids school provided her with a list of qualified tutors, and the hourly 
 rate for the tutors is twenty-five dollars. 
Initially, we note, Mother does 
 not dispute David needs tutoring.  Furthermore, Mother does not argue that she 
 should not be required to contribute to Davids tutoring because she is without 
 financial means.  Rather, Mother only asserts she is capable of tutoring David, 
 and thus, third party tutors are unneeded.
Although the record indicates 
 Mother has the equivalent of a high school diploma and has completed some college 
 work at Spartanburg Technical College, no evidence exists within the record 
 indicating Mother is a qualified tutor or that she has experience tutoring children.  
 Thus, given the testimony of Grandmother, we agree with the family court that 
 Davids best interests are served by having him tutored by qualified individuals 
 as recommended by his school.    Consequently, the family court did not err.
CONCLUSION
For the foregoing reasons, we AFFIRM the 
 family courts order, and DISMISS Mothers motion to modify her visitation 
 award. 
HEARN, C.J., HOWARD, and KITTREDGE, JJ., concurring.

 
 
 [1] Ashley reached the age of majority prior to Mother and Fathers divorce.  
 Thus, Ashley was not a subject of the custody award.

 
 
 [2] Mothers entire brief fails to cite authority for her arguments.  
 Thus, generally we would deem all of her issues as abandoned on appeal.  However, 
 given this Courts duty to zealously guard the rights of minors, we will address 
 the merits of the Mothers arguments to the extent they involve the best interests 
 of David. See Joiner ex rel. Rivas v. Rivas, 342 S.C. 102, 107, 
 536 S.E.2d 372, 374 (2000) (stating procedural rules are subservient to the 
 courts duty to zealously guard the rights of minors); Ex parte Roper, 
 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970) (holding where the rights and 
 best interests of a minor child are concerned, the court may appropriately 
 raise, ex mero motu, issues not raised by the parties).