662 S.E.2d 491

**Ryan Corey STRADFORD, Respondent,**

v.

**Bettina Rashunda WILSON, Appellant.**

No. 4393.

Court of Appeals of South Carolina.

Submitted March 5, 2008.

Decided May 20, 2008.

Coreen B. Khoury, of Lancaster, for Appellant.

Govan T. Myers, III, of Lancaster, for Respondent.

HEARN, C.J.

Bettina Wilson (Mother) appeals the family court's order changing her child's surname from Wilson to Stradford, the surname of the child's father, Ryan Stradford (Father). Finding Father failed to carry his burden of proving the name change was in child's best interest, we reverse.[1]

---

1. We decide this case without oral argument, pursuant to the parties' request and Rule 215, SCACR.

302

## FACTS

Jane Doe Wilson (Child) was born to Mother and Father on March 14, 2004. Mother and Father never married,[2] and since birth, Child has lived with Mother, Mother's sister, Child's half-sister, and Child's maternal grandmother in the grandmother's home. Father lives in the same town with his mother in her home.

In April 2005, Father filed a complaint seeking to establish his paternity and requesting liberal visitation. Father thereafter amended his complaint seeking to change Child's name to Stradford. In October 2005, the parties informed the court they had reached an agreement on all issues, except changing Child's name. Accordingly, the family court entered an order finding Father was Child's biological father, ordering the birth certificate to reflect Father's paternity, and establishing a visitation schedule; however, the court continued Father's request to change Child's name pending the appointment of a guardian ad litem (GAL).

At the March 13, 2007 trial, Father testified he wanted Child to have his surname because he planned on supporting her the rest of his life. The paternal grandmother also testified Child should have Father's surname because "[w]e have a family tradition, a long family tradition." Mother, on the other hand, testified Child's surname should remain Wilson because Child lives with the Wilson family, Child is close to her half-sister, and "both of them know now that their last name is Wilson." Mother's half-sister testified to the difficulty she had experienced living in a household with a different surname from that of other family members.

The GAL recommended changing Child's surname to either Stradford or Wilson–Stradford, stating: "I think it's important that this child have the recognition that she is her father's child and that she does have that strong relationship with both families." The court stated from the bench it would grant Father's petition to change Child's surname and issued a written order on April 15, 2007. This appeal followed.

---

2. Father has a second daughter, who lives with her mother and is two years younger than Child. Mother has a second daughter, who lives with her and is a year older than Child.

## LAW/ANALYSIS

■ Mother argues the family court erred in granting Father's petition to change Child's surname from Wilson to Stradford because Father failed to prove changing the name was in Child's best interest. We agree.

■ When one parent petitions the court to remove the other parent's surname from the parties' minor child, each parent has a protectible interest in receiving notice and being heard on the petition. *Ex parte Stull*, 276 S.C. 512, 513, 280 S.E.2d 209, 210 (1981). However, "the parent seeking to change the child's surname has the burden of proving that the change will further the child's best interests." *Mazzone v. Miles*, 341 S.C. 203, 210, 532 S.E.2d 890, 893 (Ct.App.2000).

In *Mazzone*, the family court granted the father's request to change the name of the parties' young child from mother's surname to his, in which it found: the child's parents had never married; the child had been in the mother's custody since birth; the father, mother, and child had lived together for two years; the father had a close relationship with the child; and the child was comfortable with her present name. *Mazzone*, 341 S.C. 203, 532 S.E.2d 890. On appeal, this court reversed, and identified nine factors to consider in determining whether changing a child's surname is in the child's best interest, including: (1) the length of time the child has used the present surname; (2) the effect of the proposed change on the preservation and development of the child's relationship with each parent; (3) the identification of the child as part of a family unit; (4) the wishes of each parent; (5) the reason the petitioning parent states for the proposed change; (6) the motive of the petitioning parent and the possibility the child's use of a different name will cause insecurity or a lack of identity; (7) the difficulty, harassment, or embarrassment the child may experience if the child bears a surname different from that of the custodial parent; (8) if the child is of age and maturity to express a meaningful preference, the child's preference; and (9) the degree of community respect associated with the present and proposed surnames. *Id.* at 210–11, 532 S.E.2d at 893–94. The court explained:

> [B]oth parents have an equal interest in the child bearing their respective surname ... While it may be a custom to

name a child after the father, giving greater weight to the father's interest fails to consider that, where the parents have never been married, the mother has at least an equal interest in having the child bear the maternal surname. In these times of parental equality, arguing that the child of unmarried parents should bear the paternal surname based on custom is another way of arguing that it is permissible to discriminate because the discrimination has been endured for many years.

*Id.* at 211–12, 532 S.E.2d at 894 (internal citations omitted).

In this case, the family court's order recognized that *Mazzone* controlled and noted the applicable burden of proof. Although the order lists the *Mazzone* factors and states the court considered each factor, it does not contain specific findings pursuant to *Mazzone*. Applying the *Mazzone* factors to this case, as we are permitted to do under the broad scope of review accorded to us, we make the following findings based on the preponderance of evidence: (1) Child, who was three years old at the time of the hearing, is known in the community by the Wilson name; (2) Child already is aware her name is Wilson; (3) although we agree changing Child's name could help develop her relationship with Father's family, it also could have a negative impact on Child's continuing relationship with her custodial family; (4) Child's relationship with Father's family will develop primarily through regular participation in the visitation granted by the court; (5) Father's basis for changing Child's name is insufficient; and (6) Child could experience embarrassment if her name differs from that of her custodial family.

Accordingly, we reverse the order of the family court changing Child's surname to Wilson. The decision of the family court is

**REVERSED.**

PIEPER, J., and KONDUROS, J., concur.