OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the notices of appeal are deemed to be applications for leave to appeal, and leave to appeal is granted (see CCA 1702 [c]); and it is further, ordered that, on the court’s own motion, the appeals are consolidated for purposes of disposition; and it is further, ordered that the order, insofar as appealed from, is reversed, without costs, the petitions are reinstated, and the matters are remitted to the Civil Court for a hearing on the record.
In these proceedings, which have been consolidated for purposes of disposition (see CPLR 602 [a]), petitioner seeks to change the names of her two infant children. The limited record before us indicates that the children’s father consented to the proposed name changes and that nobody objected to the changes. Petitioner’s applications were denied without an evidentiary hearing. In its supporting decision, the court commented that, although petitioner had justified the proposed name changes as being consistent with Bangladeshi custom, the proposed name changes were inconsistent with American social customs and accepted practices because the children’s surnames would not match either parent’s surname or each other’s surnames. The petitions were dismissed upon a finding that the proposed name changes were not in the best interests of petitioner’s children.
Civil Rights Law § 63 authorizes an infant’s name change if there is no reasonable objection to the change of name proposed, and the interests of the infant will be substantially promoted by *56 the change. As an application to change the name of a minor may not be denied without a hearing (see Matter of Altheim, 12 AD3d 993 [2004]; Matter of John Phillip M.-P., 307 AD2d 318, 318-319 [2003]; Matter of Kyle Michael M., 281 AD2d 954 [2001]; Matter of Siveski [Novakovic], 42 Misc 3d 130[A], 2013 NY Slip Op 52187[U] [App Term, 1st Dept 2013]; see also Matter of Anonymous, 106 AD3d 1503 [2013]), the Civil Court erred in denying the petitions at issue herein without a full hearing on the record (see Matter of Siveski [Novakovic], 42 Misc 3d 130[A], 2013 NY Slip Op 52187[U] [2013]).
We note that an objection to a proposed name change for a child “must relate to the child’s best interests or bear on the parent’s relationship with the child” (see Matter of Eberhardt, 83 AD3d 116, 123 [2011]), and that although a court may consider the inclusion of one or both parents’ surnames as one among a “myriad of factors” in its consideration of a petition for the name change of a minor, Anglo-American “patronymic custom” is relevant to neither of those concerns (see id.).
To the extent that, by its order, the Civil Court sought to limit petitioner’s right to petition in the future to change her children’s names, we note that the court exceeded its authority, which was only to determine the name change petitions that were pending before it.
Accordingly, the order, insofar as appealed from, is reversed, the petitions are reinstated, and the matters are remitted to the Civil Court for a hearing on the record.