MOORE, Judge.
C.M.Ca. ("the mother"), who is a minor, by and through her legal guardians and parents, L.Ca. and C.Ca., appeals from a judgment entered by the Shelby Circuit Court ("the trial court") to the extent it changed the surname of her child, H.Ca. ("the child"), to the surname of J.L.Cr., the child's father ("the father"). We reverse the trial court's judgment.
Procedural History
On January 19, 2016, the father, who is also a minor, filed, by and through his legal guardians and parents, M.Cr. and B.Cr., a petition requesting that the trial court award him custodial and visitation rights with the child, enter an order of child support, and change the child's surname to his surname. On February 18, 2016, the mother filed an answer. On September 6, 2016, the father filed an amended petition requesting that the mother be ordered to pay his attorney's fees and costs.
The parties reached an agreement on all issues except the issue of the father's request to change the child's surname. The parties agreed that the issue of the father's name-change request would be reserved for a hearing and that each party *624 would file a brief addressing his or her argument on that issue. On October 12, 2016, the mother and the father filed their respective briefs. In support of his brief, the father also filed an affidavit and certain text messages that had been exchanged between him and the mother. The next day, the mother filed a motion requesting the opportunity to present oral arguments and testimony concerning the issue of the name change.
On October 20, 2016, the trial court entered an order resolving all the issues except the issue of the child's surname. On November 7, 2016, the trial court entered an order denying the mother's request for oral arguments. The next day, the trial court entered a final judgment granting the father's request to change the child's surname.
On November 14, 2016, the mother filed a postjudgment motion to vacate the parties' agreement and the trial court's final judgment. The mother asserted that the father had been arrested on charges of being a minor in possession of alcohol and for possession of drug paraphernalia and that his arrest had occurred during a weekend in which he had the child for visitation. She also asserted that the father had been taken to the hospital for treatment of issues regarding his mental health. On November 15, 2016, the trial court entered an order denying the mother's motion. On November 28, 2016, the mother filed a second motion to vacate the judgment, which was based on the father's having been arrested for possession of alcohol and drug paraphernalia. That same day, the mother also filed a separate motion to vacate the judgment to the extent that it had granted the father's request to change the child's surname, arguing that the trial court had violated her rights to due process by denying her an evidentiary hearing on that issue. On December 14, 2016, the trial court denied the mother's second motion to vacate the judgment, which was based on the father's arrest, as well as her separate motion seeking to vacate the judgment based on the alleged deprivation of her due-process rights.[1] On December 22, 2016, the mother filed her notice of appeal to this court.
Discussion
On appeal, the mother argues that the trial court erred in changing the surname of the child without "good cause" as required by Ala. Code 1975, § 26-17-636(e). She also argues that the trial court violated her due-process rights by denying *625 her an evidentiary hearing on the father's request to change the surname of the child. We find the due-process issue dispositive.
According to § 26-17-636(e), a court adjudicating the paternity of a child may change the name of the child only "[o]n request of a party and for good cause shown." No Alabama case has directly addressed the manner in which a party must present "good cause" in order for a court to change the name of a child. However, Rule 39(b), Ala. R. Civ. P., generally provides, in pertinent part: "Issues not demanded for trial by jury as provided in Rule 38[, Ala. R. Civ. P.,] shall be tried by the court." (Emphasis added.)
Other jurisdictions have held that "[w]hen one parent petitions the court to remove the other parent's surname from the parties' minor child, each parent has a protectible interest in receiving notice and being heard on the petition." Stradford v. Wilson, 378 S.C. 300, 303, 662 S.E.2d 491, 492 (S.C. Ct. App. 2008). Consequently, parents have the right to a full evidentiary hearing on the issue of changing the surname of a child. See, e.g., Matter of Kobra (Hossain), 46 Misc.3d 54, 56, 2 N.Y.S.3d 313, 314 (N.Y. App. Term 2014) (holding that trial court had erred in denying petition for name change "without a full hearing on the record"); and Emma v. Evans, 424 N.J.Super. 36, 47, 35 A.3d 684, 690 (N.J. Super. Ct. App. Div. 2012) ("Regardless of whether a name change is sought by motion in an existing family action or by a new and separate action ..., the trial court remains obligated to ensure that the parties have a full and fair opportunity to present evidence and arguments regarding the application's merits.").
As explained in J.M.V. v. J.K.H., 149 So.3d 1100, 1104 (Ala. Civ. App. 2014), Alabama, as a common-law state, recognizes the rule that a child born out of wedlock shall bear the surname of the mother. Thus, the mother had an interest in preserving the surname of the child, which interest was entitled to protection. Section 26-17-636(e) authorized the trial court to change the surname of the child, but not in a manner that deprived the mother of her interest in maintaining the surname of the child without due process. A statute should not be construed or applied in an unconstitutional manner if that construction or application can be avoided. See Ex parte Huguley Water Sys., 282 Ala. 633, 639, 213 So.2d 799, 805 (1968). To construe § 26-17-636(e) to allow a trial court to change a child's surname over the objection of a mother without affording the mother a full evidentiary hearing would render that statute in violation of the due-process rights of the mother. We therefore conclude that a full evidentiary hearing is required whenever a request to change the surname of a child is made under § 26-17-636(e).
In the present case, the mother specifically requested an opportunity to present evidence at a hearing, and the trial court denied that request. In line with the aforementioned authority, we conclude that the trial court erred in denying the mother's request. Therefore, we reverse the trial court's judgment to the extent it granted the father's request to change the surname of the child, and we remand this cause to the trial court for it to hold an evidentiary hearing as requested by the mother. In light of our disposition on the mother's due-process issue, we pretermit discussion of the mother's remaining arguments concerning the merits of the judgment changing the surname of the child.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Thomas, J., concurs.
Donaldson, J., concurs specially.
Thompson, P.J., dissents, with writing, which Pittman, J., joins.
DONALDSON, Judge, concurring specially.
*626 I concur with the main opinion. In addition, I believe these proceedings in the Shelby Circuit Court were subject to Rule 43(a), Ala. R. Civ. P., which provides:
"In all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided in these rules. ... However, nothing contained in this paragraph shall prevent the parties from taking testimony by agreement in a manner different from herein provided unless the court limits or prohibits such agreed manner."
I find that, although the mother agreed to a briefing schedule, she did not agree to submit the issue of the name change to the court through briefs and affidavits.

The trial court stated, and the father argues in his brief to this court, that, because the trial court had already denied the mother's first motion to vacate the judgment based on assertions regarding the father's alleged arrest and mental-health issues, the second motion to vacate the judgment on the basis of the father's arrest, as well as the separate motion to vacate the judgment based on the mother's assertion of the deprivation of her due-process rights, were without legal effect. We note, however, that, because the motion to vacate the judgment asserting the deprivation of the mother's due-process rights raised different grounds than the initial motion to vacate and was filed within 30 days of the entry of the trial court's final judgment, that motion was properly before the trial court. See, e.g., Roden v. Roden, 937 So.2d 83, 85 (Ala. Civ. App. 2006) ("Rule 59.1[, Ala. Code 1975,] has been held to apply separately to each distinct timely filed postjudgment motion so as to afford the trial court a full 90-day period to rule on each separate motion."); compare Curry v. Curry, 962 So.2d 261, 264 (Ala. Civ. App. 2007) ("[I]f a party files a postjudgment motion that neither (1) requests relief on grounds different from or additional to the grounds asserted in a previous postjudgment motion so as to amount to a proper amendment to the earlier motion, nor (2) seeks different postjudgment relief so as to be a separate postjudgment motion, the second-filed motion is not due to be treated as a separate motion but as a mere repetitive filing.").