Rel: March 6, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

————————————————

### CL-2025-0784

————————————————

### Re.H.

### v.

### D.C.C., T.H., and R.H.

————————————————

### CL-2025-0803

————————————————

### T.H. and R.H.

### v.

### D.C.C. and Re.H.

### Appeals from Walker Juvenile Court
### (JU-22-203.01)

MOORE, Presiding Judge.

On August 4, 2025, the Walker Juvenile Court ("the juvenile court") entered a final judgment in a juvenile proceeding relating to W.H. ("the child"). Re.H. ("the mother") and T.H. and R.H. ("the maternal grandparents") appealed that judgment, and this court consolidated their appeals. D.C.C. ("the father") has been designated as an appellee in both appeals. We reverse the judgment and remand the case with instructions.

## Procedural Background

The underlying case was commenced when, on July 1, 2022, the maternal grandparents filed in the juvenile court a petition seeking custody of the child based on his alleged dependency. After filing an answer to the petition, the father moved the juvenile court to consolidate the dependency proceeding with an earlier case bearing case number CS-20-900027; the maternal grandparents indicated that they had no objection to the consolidation of the cases. The record does not contain the pleadings from that case, but the parties and the trial court described the case as a paternity action that had been commenced by the father on July 14, 2020, and had been dismissed in 2022 before the maternal

grandparents' dependency petition was filed.[1]  In the paternity action, the father requested, among other things, that the juvenile court change the surname of the child.  The juvenile court did not formally rule on the motion to consolidate before the trial.  On June 9, 2025, the juvenile court conducted a bench trial, at which it heard oral testimony from the parties and interviewed the child in chambers.  During the trial, the juvenile court indicated that it might adjudicate all the claims relating to the child, including those raised earlier in the dismissed paternity action.  No party objected.

In the final judgment entered on August 4, 2025, the juvenile court adjudicated the father to be the legal and biological father of the child. The juvenile court changed the surname of the child to the father's surname.  The judgment then provides, in pertinent part:

> "3. Based upon the stipulation to dependency by [the mother] as well as the evidence presented, the [c]ourt finds that the mother is currently unable or unwilling to discharge her duties as a parent in accordance with the laws of the State of Alabama.
>
> "4. In regards to [the father], the [c]ourt finds that the father is able and willing to discharge his duties as parent;

---

[1]Although the paternity action had been dismissed, the father requested that the juvenile court "reopen" it and consolidate it with the dependency proceeding.

therefore, [the child] is not dependent as defined by the laws of the State of Alabama.

"5. The care, custody and control of [the child] is awarded to [the father]."

The juvenile court awarded the mother supervised visitation with the child and ordered the maternal grandparents to be present during that visitation.

On August 18, 2025, the maternal grandparents filed a postjudgment motion to alter, amend, or vacate the judgment. On the same day, the mother also filed a similar postjudgment motion. In her postjudgment motion, the mother requested a hearing. The juvenile court did not conduct a hearing or rule on those postjudgment motions, and they were denied by operation of law on September 2, 2025. See Rule 1(B), Ala. R. Juv. P.[2] The mother and the maternal grandparents timely appealed.

---

[2]Rule 1(B), Ala. R. Juv. P., provides that a postjudgment motion that is not ruled on by the juvenile court within 14 days is deemed denied at the expiration of the 14-day period. The 14th day following the filing of the postjudgment motions on August 18, 2025, was Monday, September 1, 2025, which was Labor Day. See Rule 6, Ala. R. Civ. P. Therefore, the postjudgment motions were deemed denied on Tuesday, September 2, 2025. See First Alabama Bank v. McGowan, 758 So. 2d 1116 (Ala. Civ. App. 2000), and Richburg v. Cromwell, 428 So. 2d 621

## Issues

The mother argues (1) that the juvenile court did not acquire subject-matter jurisdiction over the dependency proceeding, (2) that the juvenile court erred in adjudicating the child to be a dependent child, and (3) that the juvenile court erred in failing to hold a hearing on her postjudgment motion. The maternal grandparents argue (1) that the juvenile court erred in determining that the child was not dependent, (2) that the juvenile court erred in awarding the father custody of the child, and (3) that the juvenile court erred in changing the surname of the child.

## Analysis

### A. Subject-Matter Jurisdiction

The mother first argues that the petition filed by the maternal grandparents did not invoke the dependency jurisdiction of the juvenile court. In the petition, the maternal grandparents alleged, among other things, that the child had resided with them his entire life and that

> "[t]he presumption in favor of parental custody is and will be in this case rebutted by the evidence of the [mother's and the father]'s unwillingness and/or inability to provide for the needs of the child, including financially, as well as from a nurturing/childrearing perspective, and the utter lack of

---

(Ala. 1983); see also Williamson v. Fourth Ave. Supermarket, Inc., 12 So. 3d 1200, 1203-04 (Ala. 2009).

5

interest in the activities and wellbeing of the child for the years preceding the filing of the similar Petition in the Circuit Court of Walker County."

The juvenile court construed the petition as a dependency petition and assumed jurisdiction pursuant to Ala. Code 1975, § 12-15-114(a) (providing, in pertinent part, that "[a] juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged ... to be dependent").

The mother argues that the petition should have been dismissed because it did not contain an allegation that the child was a dependent child.  The petition does not contain the word "dependency" or refer to the child as a "dependent child," but such exacting language is not required.

> "Under § 12-15-121(c)(1), Ala. Code 1975, and Rule 12(A), Ala. R. Juv. P., a party alleges the dependency of a child when the party sets forth facts in a complaint or a petition that indicate that the child is in need of care or supervision based on the existence of one or more of the circumstances set forth in § 12-15-102(8), Ala. Code 1975.  In Ex parte L.E.O., 61 So. 3d 1042 (Ala. 2010), our supreme court determined that an allegation that a child is 'in need of care or supervision' is implied in a complaint or a petition that asserts facts suggesting the dependency of a child. 61 So. 3d at 1047 n.4 (citing J.W. v. N.K.M., 999 So. 2d 526 (Ala. Civ. App. 2008)).  This court has consistently held that a complaint or a petition alleges the dependency of a child, so as to fall within the exclusive jurisdiction of the juvenile courts, when it avers facts that, if proven to be true, would establish the dependency of the child under § 12-15-102(8), regardless of

6

the particular language pleaded. <u>See</u>, <u>e.g.</u>, <u>C.E. v. M.G.</u>, 169 So. 3d 1061, 1064 (Ala. Civ. App. 2015); <u>T.K. v. M.G.</u>, 82 So. 3d 1, 3 (Ala. Civ. App. 2011); <u>P.S.R. v. C.L.P.</u>, 67 So. 3d 917, 921 (Ala. Civ. App. 2011); <u>B.R.G. v. G.L.M.</u>, 57 So. 3d 137 (Ala. Civ. App. 2010); <u>M.B. v. R.P.</u>, 3 So. 3d 237 (Ala. Civ. App. 2008); <u>W.T.H. v. M.M.M.</u>, 915 So. 2d 64 (Ala. Civ. App. 2005); and <u>L.L.M. v. S.F.</u>, 919 So. 2d 307 (Ala. Civ. App. 2005). This court recently summarized the law on this point as follows: 'In deciding whether a pleading alleges the dependency of a child, so as to invoke the exclusive jurisdiction of a juvenile court, the court shall look to the substance of the pleading and not to the nomenclature employed by the pleader.' <u>A.M. v. A.K.</u>, 321 So. 3d 1278, 1281 (Ala. Civ. App. 2020)."

<u>R.J. v. J.N.M.W.</u>, 339 So. 3d 935, 937-38 (Ala. Civ. App. 2021) (footnote omitted).

Section 12-15-102(8)a., Ala. Code 1975, in pertinent part, defines "dependent child" to include a child who

"is in need of care or supervision and meets any of the following circumstances:

"....

"5. Whose parent, legal guardian, legal custodian, or other custodian has abandoned the child ....

"6. Whose parent, legal guardian, legal custodian, or other custodian is unable or unwilling to discharge his or her responsibilities to and for the child."

7

In their petition, the maternal grandparents alleged, in substance, that the child needed their care or supervision because the mother and the father were not willing and able to discharge their responsibilities to and for the child and because the mother and the father had abandoned the child. Thus, the petition properly invoked the dependency jurisdiction of the juvenile court.

## B.  The Dependency Determination

The mother next argues that the juvenile court erred in finding the child to be a dependent child because, she says, he was not "in need of care or supervision," within the meaning of § 12-15-102(8)(a). We do not address this argument, however, because the juvenile court did not find the child to be dependent. The juvenile court did find that the mother was not able or willing to discharge her parental responsibilities to and for the child, but, in the very next sentence, the juvenile court determined that, because the father was able and willing to discharge his parental responsibilities to and for the child, "[the child] is not dependent as defined by the laws of the State of Alabama."

> "In interpreting the substance of the [judgment], we must examine the language used in that [judgment]. 'Judgments and decrees are to be construed like other written instruments. Schwab v. Schwab, 255 Ala. 218, 50 So. 2d 435

8

[(1951)]; Johnson v. Harrison, 272 Ala. 210, 130 So. 2d 35 [(1961)]. The legal effect must be declared in the light of the literal meaning of the language used.' Wise v. Watson, 286 Ala. 22, 27, 236 So. 2d 681, 686 (1970)."

Deutsche Bank Nat'l Tr. Co. v. Karr, 306 So. 3d 882, 888 (Ala. 2020). The judgment literally states that the child is not a dependent child under Alabama law.

We recognize that the juvenile court disposed of the custody of the child, which appears inconsistent with a determination that a child is not dependent. See C.C. v. B.L., 142 So. 3d 1126, 1129 (Ala. Civ. App. 2013) (holding that, upon a finding that a child is not dependent, the dependency jurisdiction of the juvenile court terminates and the juvenile court may not dispose of the custody of the child). However, during the trial, the father stated that he wanted the juvenile court to determine his paternity of the child and to award him full custody of the child. The juvenile court indicated that it was considering adjudicating the claims from the father's 2020 paternity action along with the claims in the dependency petition. The mother and the maternal grandparents did not object to the juvenile court's including the claims from the paternity action in the dependency proceeding. Pursuant to Rule 15(b), Ala. R. Civ. P., the pleadings in the dependency proceeding were amended to

9

encompass the father's paternity and custody claims; those claims fell within the juvenile court's parentage jurisdiction. See Ala. Code 1975, § 12-15-115(a)(6) (granting juvenile courts original jurisdiction over "[p]roceedings to establish parentage of a child pursuant to the Alabama Uniform Parentage Act, Chapter 17 of Title 26") and § 26-17-636(g) (granting courts deciding the parentage of a child the power to determine custody matters relating to the child). When the juvenile court adjudicated the paternity of the child and awarded the father custody of the child, it was acting pursuant to its parentage jurisdiction, not its dependency jurisdiction. Thus, the judgment is not internally inconsistent.

We do conclude, however, that the juvenile court erred in failing to find that the child was dependent. In the judgment, the juvenile court reasoned that the child was not dependent because the father was able and willing to assume proper care and custody of the child. However, "[a]s a matter of Alabama law, a child can be deemed dependent even when one parent is fit, willing, and able to care for the child." J.L. v. D.G.H., 402 So. 3d 261, 264 (Ala. Civ. App. 2024); see also M.C.A. v. Etowah Cnty. Dep't of Hum. Res., 397 So. 3d 962, 968 (Ala. Civ. App.

10

2024). When the sole custodial parent is not providing adequate care or supervision of his or her child because he or she is unable or unwilling to do so, the child is a dependent child even if the noncustodial parent can properly parent the child. See G.H. v. Cleburne Cnty. Dep't of Hum. Res., 62 So. 3d 540, 545 (Ala. Civ. App. 2010).[3]

At the time of the trial, the mother was the sole custodial parent of the child, who had been born out of wedlock. See Ex parte D.J., 645 So. 2d 303, 307 (Ala. 1994). The juvenile court found that the mother was not able or willing to properly care for the child; that finding was fully supported by the evidence. After the child was born, the mother briefly resided with the child in the maternal grandparents' home before she developed a drug and alcohol addiction. The mother left the child with the maternal grandparents in 2020, and she visited the child over the ensuing five or more years only when she was not intoxicated. During

---

[3]The mother argues that the line of cases applying the one-parent doctrine, see J.L. v. D.G.H., 402 So. 3d at 267 (Moore, J., concurring specially), is unconstitutional and that they should be overruled; however, the mother did not preserve that issue for appellate review because she did not raise it in the juvenile court. See J.M.L. v. Tuscaloosa Cnty. Dep't of Hum. Res., 402 So. 3d 832, 834 (Ala. Civ. App. 2024). Nevertheless, nothing in our opinion should be construed as preventing the mother from raising the issue on remand.

that period, the mother, who suffers from various mental-health problems, was arrested numerous times for violent and drug-related crimes. At the time of the trial, the mother was on conditional release from a local jail and was undergoing drug rehabilitation, attending parenting classes, and receiving mental-health treatment while residing in a halfway house. The mother testified that she was employed, that she was contributing to the support of the child, and that she had not used any illegal substances in 15 months, but, she said, she did not expect to complete her parenting classes until 12 weeks after the trial. The mother admitted that she was not seeking custody of the child, and she conceded that, despite her progress, she was not at that time physically able to meet the needs of the child.

The record contains no evidence indicating that the mother had been providing the child with adequate care and supervision or that she was currently able and willing to do so. In Ex parte L.E.O., 61 So. 3d 1042 (Ala. 2010), the supreme court held that a judgment finding that a child is not dependent may be reversed if it is plainly and palpably wrong. In this case, the juvenile court clearly misapplied the law to the undisputed facts to reach an incorrect legal conclusion. Thus, the

judgment must be reversed and the case remanded to the juvenile court for correction of that legal error.[4]  On remand, the juvenile court should amend the judgment to find that the child is dependent.

## C.  The Custody Determination

We also reverse the judgment insofar as it awards custody of the child to the father instead of to the maternal grandparents.  When a child is dependent, the juvenile court must dispose of the custody of the child pursuant to Ala. Code 1975, § 12-15-314.  See Marshall Cnty. Dep't of Hum. Res. v. J.V., 203 So. 3d 1243, 1248 (Ala. Civ. App. 2016).  As noted above, the juvenile court found that the child was not dependent, so it did not rely on its dependency jurisdiction when it determined the custody of the child; it decided custody solely under its parentage jurisdiction. When deciding the custody of a child in a parentage case, the trial court applies the best-interests-of-the-child standard, see D.D. v. E.E.B., 707 So. 2d 247 (Ala. Civ. App. 1997), in which "[a] natural parent has a prima facie right to the custody of his or her child."  Ex parte McLendon, 455 So. 2d 863, 865 (Ala. 1984).  However, "[i]n the dispositional phase of a

_____

[4]Based on this disposition, we pretermit discussion of any other argument for reversal of the dependency determination.

13

dependency proceeding, ... the father of a child does not have any presumptive right to custody of his child as against more distant relatives." <u>D.W. v. M.M.</u>, 272 So. 3d 1107, 1112 (Ala. Civ. App. 2018). On remand, the juvenile court should reconsider its custody award based on the proper standard.[5]

### D. The Name Change

Section 26-17-636(e), Ala. Code 1975, provides: "On request of a party and for good cause shown, the court may order that the name of the child be changed." "Alabama, as a common-law state, recognizes the rule that a child born out of wedlock shall bear the surname of the mother. Thus, the mother had an interest in preserving the surname of the child, which interest was entitled to protection." <u>C.M.Ca. ex rel. L.Ca and C.Ca. v. J.L.Cr. ex rel. M.Cr. and B.Cr.</u>, 245 So. 3d 622, 625 (Ala. Civ. App. 2017).

> "[U]nder Alabama law a court adjudicating paternity may change the name of the child only if it is in the best interests of the child.
>
> "....

---

[5]Nothing in this opinion should be construed as requiring the juvenile court to award custody of the child to the maternal grandparents or to deny the father custody of the child.

"... [A]s we read [Ala. Code 1975,] § 26-17-636(e), a parent petitioning to change the name of the child must present evidence showing that the change would benefit the child in some positive manner. ... A court may not change the name of a child on the ground that the change would not cause the child any particular detriment. That standard would essentially place the burden on the nonmoving parent to prove that the requested name change would harm the child instead of placing the burden on the petitioning parent to prove that the name change will benefit the child, as § 26-17-636(e) contemplates."

J.M.V. v. J.K.H., 149 So. 3d 1100, 1105 (Ala. Civ. App. 2014). It is reversible error for a trial court to change the surname of a child without proof that the change will promote the best interests of the child. See J.L.W. v. C.J.P., 403 So. 3d 194, 203 (Ala. Civ. App. 2024); K.G. v. M.E., 355 So. 3d 344, 348 (Ala. Civ. App. 2021).

In this case, the father testified that he wanted to change the name of the child because he believed that the child should have his last name. However, the father did not explain how the name change would positively benefit the child, who had been known as W.H. since his birth in 2019. The record does not contain sufficient evidence to support the decision to change the child's surname. We conclude that the maternal grandparents do not have standing to appeal that part of the judgment changing the name of the child, see Patrick v. Boyd, 198 So. 3d 436, 438

15

(Miss. Ct. App. 2016), but the mother does. See C.M.Ca., supra. In her postjudgment motion, the mother argued that the provision changing the surname of the child should be vacated due to the absence of a showing that it served the best interests of the child. The mother requested a hearing on her motion, which was denied by operation of law. The juvenile court committed reversible error in denying the postjudgment without a hearing because it was probably meritorious. See A.J. v. E.W., 167 So. 3d 362, 368 (Ala. Civ. App. 2014). Thus, we reverse the judgment and remand the case for the juvenile court to hold a hearing on that aspect of the mother's postjudgment motion.[6]

---

[6]The mother also argues that the juvenile court should conduct a hearing on the remainder of her postjudgment motion; however, we have determined that the evidence supports the finding that the mother was unable and unwilling to discharge her parental responsibilities to and for the child, which finding she challenged in her postjudgment motion. Thus, the denial of a hearing on that aspect of her motion is harmless error. See Greene v. Thompson, 554 So. 2d 376, 381 (Ala. 1989). The other points raised by the mother in her postjudgment motion have been obviated by our reversal of the judgment. However, nothing in our opinion should be construed as precluding the mother from filing another postjudgment motion upon the amendment of the judgment. See Ex parte Dowling, 477 So. 2d 400, 404 (Ala. 1985).

Conclusion

We conclude that the juvenile court properly assumed jurisdiction over the underlying case and that it entered a valid judgment; however, the juvenile court erred in failing to adjudicate the child to be a dependent child, in failing to dispose of the custody of the child pursuant to § 12-15-314, and in failing to conduct a hearing on the mother's postjudgment motion asserting that it erred in changing the surname of the child. We, therefore, reverse the judgment and instruct the juvenile court to conduct such further proceedings as are necessary to comply with this opinion.

CL-2025-0784 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

CL-2025-0803 -- REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Bowden, JJ., concur.